The opinion of the court was delivered by
Nicholls, C. J.
Relator in its petition to the District Court represented that it was the owner of an oil mill in the parish of Concordia. That the police jury for that parish convened at the court house on the first Monday in July, 1895, for the purpose of reviewing the assessment or listing of all the taxable property and effects for the year 1895, and that said jury while sitting as a Board of Reviewers for said parish at the said session valued said mill and appur *1352 tenances at the sum of ten thousand dollars, being the valuation for the year 1895, as would appear by the resolution of said board made part of the petition. That Campbell, the assessor of the parish, had without the knowledge or consent of the relator and without any legal authority, either by judgment of the court or otherwise, since the valuation made by the Board of Reviewers for the year 1895, placed the assessment at the sum of seventy-five thousand dollars upon the tax rolls for said parish and refused to be governed by the board in putting the value of the mill at ten thousand dollars, although demand had been made upon him to comply with the action of the board. That he made said increase of the valuation after the adjournment of the board and that the State, Parish, Railroad and Levee taxes on the property in said parish are thirty-one miils.
That it was absolutely necessary for the protection of relator’s rights that said assessor and the sheriff of the parish (ex officio tax collector) be ruled to show cause why said assessment or valuation of said mill should not be placed upon the tax rolls for said parish at the sum of ten thousand dollars, and that a writ of mandamus issue directed to them commanding them to place the assessment of said mill upon the tax rolls for the year 1895 at ten thousand dollars. Relator therefore prayed that said assessor and sheriff be notified, and that an order be granted ordering said officers to show cause at chambers why a peremptory writ of mandamus should not issue commanding said officers to put the valuation of said mill upon the tax rolls of said parish for the year 1895 at the sum of ten thousand dollars, and that this be the amount upon which taxation shall be based for that year; that after due proceedings there be judgment ordering them so to do, and declaring that said valuation should be .the basis for taxation for the year 1895, and that a peremptory writ of mandamus issue commanding them to comply with said judgment. Defendants were ordered to show cause as prayed for.
The defendant’s excepted that plaintiff’s petition disclosed no cause of action and no legal right against them for a peremptory mandamus. This exception having been overruled, they answered, pleading the general issue. Oampbell admitted he was the assessor of the parish, and averred that in pursuance of his duty as such and in compliance with the law and within the time specified by law, he listed the property of relator and affixed a valuation, as was his duty, thereon of seventy-five thousand dollars. That said valuation *1353 was a fair, just and equitable valuation, and did not exceed the actual cash value of the property; that relator made no protest against said valuation and did not furnish any duplicate lists with its valúation under oath, as required by Sec. 19 of Act 106 of 1890. That the police jury, sitting as a board of reviewers, without any legal or proper contest on the part of the relator, without any notice to him,, the assessor, and without hearing any evidence as to the value of said property, and in flagrant violation of the Oonstitution and laws of the State defining the duties of said Board of Reviewers, proceeded to make an original assessment of said property and to fix the valuation thereon for the purposes of taxation at ten thousand dollars, without any reference to the cash valuation of said property and without any reference to vhe uniformity or equality of the same. That said action of said board being contrary to law, arbitrary and unjust and injurious both to State and parish was absolutely null and void, without legal effect and was in no manner binding upon him and did not and could not change or affect the assessment and valuation of said property as made by said assessor. Defendants prayed that the demand for a mandamus be rejected — that the action of the board be declared null, void and of no effect, and the assessment and valuation as made by said assessor be recognized and maintained and that the sum of two hundred ana thirty-two dollars and fifty cents ($232.50), being ten per cent, upon the aggregate amount of taxes due by relator, be levied and taxed as attorney’s fees against relator.
Relator filed a motion to strike out the answer on the ground that 'defendants having made an appearance and filed an exception could not file any subsequent pleadings, as all of the defences must be"made at one and the same time and in one pleading. In the event of the motion being overruled it averred that defendants had no legal right to question the validity of the action of the Board of Reviewers fixing the valuation of the mill at ten thousand dollars, nor had they any legal power to raise the question as to the right of the board to fix said assessment, as the action of the board is final-against the defendants, the State and parish, as neither have any legal standing to raise the question set forth in the answer because the law only gives the taxpayer the right to appear in court to have the assessment passed upon by the court. That the action of the board is final and the defendants, the State and the parish, are precluded and debarred from raising any question as to said assessment.-
*1354 The court sustained this motion “in so far as the answer related to the valuation of the property or the evidence on which the police jury acted in ascertaining same or reducing said assessment.”
On the trial a“ certificate ” of the president of the police jury attested by the secretary thereof was introduced in evidence to the effect that “ on the 2d day of July, 1895, the following resolution was adopted by the police jury as a Board of Reviewers for said parish, to-wit:
“ A resolution was adopted while the jury was acting as a Board of Reviewers continuing the assessment of the Union Oil Company, Yidalia Mill, for the year 1895 at ten thousand dollars.”
A demand was made by relator on the assessor “ to make his assessment roll for the year 1895 conform to the assessment equalization and valuation made by the police jury sitting as a Board of Reviewers at its regular meeting in July, 1895, as to the assessment of the Union Oil Mill Company’s Yidalia Mill, to-wit: ten thousand dollars.”
The ownership by relator of the mill in question was admitted, and the refusal of the assessor to comply with the demand on’him shown. The assessment of the property by the assessor fixing 'the valuation of the property at seventy-five thousand dollars was offered in evidence. Campbell the assessor as a witness testified that he had made an assessment of the Union Mill in 1895, fifteen or twenty days prior to the meeting of the police jury. The Union Mill Company made out a duplicate list, but not sworn to. This list was made only a short time prior to the meeting of the jury, and was submitted to the jury — the amount of the other duplicate list was ten thousand dollars. The assessment lists are not always sworn to. The Union Mill Company opposed the assessment which he made. We find in the record a bill of exception by the defendants in which it is recited that the assessor being on the stand as a witness, defendants offered to prove that the police jury sitting as a Board of Reviewers, did not have any evidence before them as to the actual cash value of plaintiff’s property; that there was no contest before them on the part of the oil mill of the valuation placed upon said property by the assessor; that the assessor was not heard in reference to the correctness of his valuation of said property; that the action of said board in placing the valuation of said property at ten thousand dollars for the purpose of taxation was had without any reference *1355 whatever to the value of the property and without any reference to the equality or uniformity of assessments, but was based upon other and different reasons. That relator objected to testimony on those .subjects as irrelevant to the issues in the ease and for the reasons set forth in relator’s motion to strike out the answer of defendant which had been adopted by the court, and the motion to strike out therefore partially sustained.
That these objections were sustained and the evidence not permitted to be received. The District Court made the mandamus peremptory, decreeing that the valuation of ten. thousand dollars placed upon the property by the Board of Reviewers should be taken as the value of the property for the purposes of taxation for the year 1895 and that defendants pay costs.
Defendants appealed.
Relator’s claim, that the defendantshaving filed an exception that on the face of the papers relator showed no cause of action, they were forcedly debarred from setting up any ground of defence on the merits, is not tenable. The only matter which would be involved in that question would be one of delay. It was within the power of relator through the court to prevent any improper advantage being taken by filing the exception separately from the answer. This matter rests greatly in the discretion of the court. The court properly exercised its discretion in this case.
The exceptions filed in Shaw vs. Howell, 18 An. 195, were dilatory exceptions as to form, and the court must have been of the opinion that they had been presented for purposes of delay.
Relator denies the right of the assessor to raise the issues he has attempted to raise through his answer. Having been brought into court upon a rule to show cause invoked by the relator itself, defendant necessarily had the right to be heard (Rouge vs. Lafargue Co., Limited, 47 An. 1649). As a matter of course the issues which he tendered in defence were subject to legal test as to whether they were such as he could legally raise (State ex rel. Morris vs. Secretary, 43 An. 680-681). The District Court, in acting upon the motion to strike out the answer, correctly ruled that the assessor was not authorized, in this proceeding, to question the action of the Board of Reviewers in respect to the correctness of the conclusion of face which they have reached touching the value of the relator’s property, assuming that that matter was before the board under such con *1356 ditions as to legally call for a decision by it on that point, but it went much further than this when it ruled out the testimony offered by defendants to sustain the position taken by them that the board acted without any legal or proper contest on the part of the oil mill, without any notice to the assessor, and that without hearing any evidence made an original assessment of the property at ten thousand dollars. Defendants claim that the board could only legally take action for the alteration of the assessment of property in individual cases when the property owner had presented to the local assessor a duplicate list, duly sworn to, and had made a formal opposition before him to the assessment which he had made in the particular case to accompany the general lists-which he (the assessor) was required to transmit to the Board of Reviewers for its examination. That it could not dispose, as on its own knowledge, of an objection to the assessment of a particular person or corporation and dispose of it without notice to the assessor as the representative of the State, without giving him an opportunity to sustain the correctness of his action, and without the taking of testimony. That the action taken in this case by the board is not a revision of his assessment, but substantially and practically an original assessment which it is not authorized to make. That the board is a quasi-judicial body with no original powers and with no jurisdiction to act except upon a regularly formed contest and after giving to the State through him a hearing — that the police jury in dealing with the subject of the review of assessments was acting as a public agency outside of its usual functions as a police jury having legislative power and was without power to bring about the reduction of an assessment through a mere “resolution.”
The 22d and 23d sections of Act No. 106 of 1890 are as follows:
Section 22. “The police juries of the several parishes (parish of Orleans excepted) throughout the State are hereby appointed and constituted Boards of Reviewers for their parishes.
Sec. 23. “ The Board of Reviewers shall meet on the first Monday of July of each and every year or as soon thereafter as possible, and the several assessors throughout the State, parish of Orleans excepted, shall lay before the said board all of said lists of property with the estimated (actual) cash value thereof extended and listed and valued by said assessors as aforesaid, together with the lists and valuation made, under oath as aforesaid of those property holders *1357 who believe the assessor’s valuation to be in excess of and beyond the actual cásh value of the personal or real property therein enumerated, and the said board shall proceed at once to arbitrate upon the said lists of property and cash valuation, and their decision shall be final, unless set aside in accordance with Art. 203 of the Constitution; the said Board of Reviewers shall then proceed to examine all the aforesaid lists of real and personal property submitted to them by the said assessors and should they find any property to have been illegally or wrongfully assessed in the listing or valuation thereof, it shall be their duty to correct the same, and they shall also equalize the assessment of all property of like character and relative value within their respective parishes in accordance with Art. 208 of the Constitution, provided that no valuation made by the assessor shall be increased unless the taxpayer is served with notice to appear before said board within five days and show cause why such increased assessment should not be made. Such summons shall be signed by the president of the board; service therein and return made in the manner now provided by law in the ease of ordinary subpoenas. The said board shall have the power to summon and compel the attendance of witnesses, interrogate them under oath concerning any matter before them, and after having passed upon and determined the correctness of any list and the valuation thereof, the same shall become final unless set aside, or changed as provided by law. The members of said Board of Reviewers shall receive the same pay for such length of time as they may be in session, as now allowed to police jurors; provided that if the session extend longer than fifteen days from date of service only pay for that length of time shall be allowed. The duplicate lists forwarded by the assessor with his assessment rolls are those referred to in the nineteenth section of the act, in which it is declared, that in case the valuations made by the assessor are, in the opinion and belief of the taxpayer, in excess of and beyond the cash value of the personal or real property, the assessor shall make or cause to be made, a duplicate list of said property, and shall then and there administer to the said taxpayer the oath or affirmation, as follows: I swear or affirm that the valuation affixed opposite each item of the property in the foregoing list is the actual cash value thereof, according to the best of my knowledge and belief, so help me God. The assessor shall subscribe such duplicate lists and submit them to the Board of Reviewers.
*1358 It is the-duty of the assessor, after, the completion of the assess-, ment rolls, to give public notice to the effect that the listing had been completed and that they would be exposed in the office of the as-' sessor for twenty days, and it. has been repeatedly held by this court that, subject to some exceptions, parties having complaint to make of the assessment must do so within the time fixed as a condition to relief before the courts.-
In State ex rel. Johnson vs. Tax Collector, 39 An. 538, this court quoted approvingly Shattuck & Hoffman vs. City of New Orleans, in which it was said : “ The right of the taxpayer to appear’before the standing committee of the City Council and be heard concerning the description of property listed and valuation of same as assessed, and the report of the standing committee on assessments of the City Council, are proceedings preparatory and prerequisite to the taxpayers’ right of action to test the correctness of the assessment in the courts of justice,” adding, “ that the same rule must be applied to the revision and correction of assessments in the country parishes.”
In the same decision we referred to the powers of the Board of Reviewers as being quasi-judicialjin character, and referred to the necessity of their being exercised in the manner indicated by law, or in some similar manner.
Relator’s position seems to be that the police jury, acting as a Board of Reviewers, are not called on to have before them testimony of any kind to show incorrectness in the assessments made by the local assessor, but that it was authorized to take notice of themselves of what they might conceive to be error therein and deal with it upon “ quasi-judicial notice ” or knowledge of the subject of some one or more members of the board. That the provisions of the law relative to taking testimony or making an investigation of the facts of the cases, were merely permissive. We do not so understand the law. We are of the opinion that in the matter of the correction of the assessment of individual citizens or corporations, the board is authorized to take action only upon a special opposition made by the party alleging himself to be aggrieved, and that a sworn declaration made by him, such as is called for in Sec. 19 of the act is required as essentially necessary for the purposes of such a contest before'the board. We are of the opinion that it is no part of the duty of Boards of Reviewers to vindicate the wrongs, either actual' or supposed, of individuals, and take any more interest in their af *1359 fairs than they do themselves and by taking action in their behalf practically dispense the parties from declaring, under oath, that they have, in point of fact, been injured and what, in their opinion and what the extent of that injury is, and enabling them to obtain relief through the voluntary action of the board from which they had cut themselves off by laches and inaction.
Relator calls our attention to Insurance Company vs. Board of Assessors, 40 An. 372, in which this court declared that the failure by a taxpayer to have complied with the legal requirement of making out a sworn duplicate list of his property was not a peremptory bar to relief. The question was raised under different conditions from those in which it is raised here. In that case the objection was urged at the threshold of a judicial investigation in a court of justice where the question of the correctness of the assessor’s valuation was the precise issue about to be made, and during which, we assume, the claims of the party aggrieved would be required to be supported on the stand by his oath as a witness. In the present matter the question comes before us as an objection raised after what is claimed to be final action by the Board of Reviewers, in order to show that this duplicate list, which was the only basis upon which the board could have acted, was not before it, and, therefore, its action was substantially original and ex parte. We take occasion to say the course which the declaration made in the case referred to, announced as being permissible, does not meet with the approval of the court as presently constituted.
We do not understand that the lawmaker intended to invest in a small number of citizens, no matter how worthy they may be, the power of determining of themselves, and for themselves, without rule, check or limit, the rights either of their fellow-citizens or those of the State and parishes. The law contemplates a hearing of both sides, an examination and investigation as a condition to action. We had occasion to express our views on this subject in the matter of the Gaslight Company vs. City of New Orleans, 46 An. 1146, though it was brought to our notice under different sections of the act of 1890 — sections having reference to the Board of Reviewers in the city of New Orleans. The principles lying behind the powers of .the city board and those of parish boards are alike. The interests of the State and the country parishes are entitled to be protected as fully as those of New Orleans.
*1360 As we said in the Gaslight Company case, we do nob think it was ever intended by the lawmaker to leave to any body of men free to change, arbitrarily of its own will, or through favoritism, dislike or prejudice, such assessments as they might think proper to select, and we repeat here what we said there, that we do not mean to intimate that the reduction of relator’s assessment could not properly and justly have been made, and to the extent to which it was made, or that the board acted arbitrarily or improperly, but that it was called on to act under limited powers and under limitations and restrictions. When powers conferred by statute have not been exercised, under the circumstances and requirements of the statute, the acts done, fail for want of authority, even though they would have been right, and sustained, had legal conditions as to action been complied with. We do not pass upon the correctness or incorrectness, the regularity or irregularity of the assessment of the parish assessor. That matter is not before us at all. The question is, whether right or wrong, he can be made to change it in the manner and through proceedings such as have been brought to our attention in this case We think not. Having performed his own duty he has the right to stand upon his rolls until they are revised and altered under conditions such as the law has required to exist to give the Board of Reviewers the power and authority to make the alteration. He has the right to call in question the fact that such conditions did exist and to place’parties insisting upon an alteration upon proof of their existence. 47 An. 696. A '‘ resolution” of the police jury, sitting as a “ Board of Reviewers,” declaring that the assessment of relator’s property should continue at ten thousand dollars, did not convey to him the information which he was authorized to exact.
We are of the opinion that when the assessor raised an issue in this case, which he had the right to raise, that matters were not before the Board of Assessors of Concordia parish, under conditions such as to authorize or justify them in taking action in the matter of relator’s property; that relator had imposed upon it the burden of showing affirmatively that the board was acting inside of its statutory power, or as it is frequently termed, its statutory jurisdiction. Relator has not done so.
We are not satisfied from the record of the actual state of the facts of the case. We think the court should not have excluded the *1361 testimony offered by the defendants. Through that evidence the whole situation would have been developed. We think that an opportunity should be afforded to bring everything connected with the matter out. For the reasons assigned,
It is hereby ordered, adjudged and decreed, that the judgment appealed from be and the same is hereby annulled, avoided and reversed; and, it is ordered that the cause be remanded to the District Oourt, and there reinstated and tried, and that, on the trial the testimony offered by defendants on the first trial, and rejected, be received.