(41 South. 358.)

No. 15,981.

POLICE JURY OF CONCORDIA PARISH v. CAMPBELL, Tax Assessor.

(June 4, 1906.)

TAXATION — REDUCTION OF ASSESSMENTS — POWERS OF POLICE JURY.

The police jury, as a board of reviewers, has no authority to reduce assessments of its own motion, in the absence of a contest by the taxpayer.

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John S. Boatner, Judge.

Action by the police jury of Concordia Parish against E. P. Campbell, tax assessor. Judgment for defendant, and plaintiff appeals. Affirmed.

Samuel Lucius Elam, for appellant. Nathan Meredith Calhoun, for appellee. Walter Guion, Atty. Gen., for the State.

PROVOSTY, J. This suit is by the police jury of Concordia parish against the assessor of that parish. The petition alleges that the assessor appraised the property on his roll, not according to its actual cash value, as required by law, but according to an agreement entered into by him with the assessors of neighboring parishes, whereby a scale of values suitable for the neighboring parishes, but excessive for the parish of Concordia, was adopted; and that petitioner, by resolution, reduced this scale; but that the assessor has refused to recognize the reduction. The prayer is that the court declare the reduction to be just, and compel the assessor to comply with it.

The lower court sustained an exception of no cause of action, based upon the following grounds, among others: that the police jury is without interest to maintain this suit; and that the reduction is not alleged to have been made at the instance of any taxpayer, and the police jury is without authority to reduce assessments of its own motion.

The exact point thus presented was considered by this court in the case of Union Oil Company v. Assessor, 48 La. Ann. 1350, 20 South. 1007, where this court said:

"We are of the opinion that in the matter of the correction of the assessment of individual citizens or corporations, the board is authorized to take action only upon a special opposition made by the party alleging himself to be ag-

grieved, and that a sworn declaration made by him, such as is called for in section 19 of the act (Act 1890, p. 129, No. 106) is required as essentially necessary for the purposes of such a contest before the board. We are of the opinion that it is no part of the duty of the board of reviewers to vindicate the wrongs either actual or supposed, of individuals, and take more interest in their affairs than they themselves and by taking action in their behalf practically dispense the parties from declaring, under oath, that they have, in point of fact, been injured and what, in their opinion, and what the extent of that injury is, and enabling them to obtain relief through the voluntary action of the board from which they had cut themselves off by laches and inaction."

What is here said has reference to the act of 1898, and not to the act of 1902, under which the police jury acted in this case: but it has, if anything, still more cogent application under the latter act, since the only change made by the latter act with respect to the relative powers of the police jury and the assessor is that it requires that, in case of disagreement between the two the decision of the assessor shall prevail; whereas, under act of 1898, the decision of the police jury was to prevail.

Nor does the above decision conflict with State v. Tax Collector, 39 La. Ann. 535, 2 South. 59. What was there said, touching the dual function of the board of reviewers, was based upon a certain equalization clause, to be found in the act of 1882, with which the decision dealt, but not retained in the acts of 1898 and 1902, to wit:

"And they shall also equalize the assessments of all properties of like character and relative value within their respective parishes." Act No. 96, p. 127, § 24.

The "also" in this clause has a force indicative of a second, or dual, function.

Nothing equivalent to this clause is found in the Acts of 1898 and 1902; although, it must be admitted, the second paragraph of section 24 is so ambiguously worded as to leave the legislative intention somewhat in doubt. We think, however, that the appeal to the courts which the paragraph has reference to is the

appeal in behalf of some complaining taxpayer. The language is: "as provided in the act"; and the only appeal to the courts "provided in the act," is that in behalf of a complaining taxpayer.

Judgment affirmed.