[No. 2300]

## P. L. FLANIGAN, RESPONDENT, *v.* CHARLES H. BURRITT, APPELLANT.

[173 Pac. 352]

1. MANDAMUS—DEMURRER—RIGHT TO ANSWER TO MERITS.
    In view of civil practice act, c. 73 (Rev. Laws, 5694–5707), prescribing the proceedings and practice in *mandamus*, and making the code provisions relative to civil actions applicable thereto, where a demurrer to a petition for *mandamus* is overruled, defendant may answer to the merits.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

Suit by P. L. Flanigan against Charles H. Burritt for a peremptory writ of *mandamus.* A demurrer to the complaint was overruled, and from a denial of leave to answer to the merits, and a judgment for plaintiff, defendant appeals. **Revised and remanded,** with instructions.

*Mack & Green,* for Appellant:

In all cases in regard to writs of *certiorari, mandamus,* and prohibition, the practice act is applicable to and governs proceedings in those matters.

Section 5712, Revised Laws, provides:

"Except as otherwise provided in the three chapters next preceding, the provisions of this code relative to civil actions in the district courts are applicable to and constitute the rules of practice in the proceedings mentioned in those chapters."

Defendant had a right to test the complaint in this case by demurrer, and after the demurrer was overruled, under the civil practice act, he had a perfect right to file his answer and to be heard on the issues raised by the answer. (Rev. Laws, 5040–5045; *State ex rel. Gleason* v. *Jumbo Extension M. Co.,* 30 Nev. 192.)

" 'All forms of pleading in civil actions, and the rules by which a sufficiency of the pleadings shall be determined, shall be those prescribed by this act,' manifestly refers to the pleadings in cases of *mandamus* as well as to pleadings in other actions or proceedings provided for by the act." (*State* v. *Gracey,* 11 Nev. 231; *State* v. *McCullough,*

3 Nev. 210; *State* v. *Lady Bryan M. Co.*, 4 Nev. 400; Ency. Pl. & Pr., vol. 13, p. 667.)

*James T. Boyd*, for Respondent:

The appellant had the privilege and the right of making whatever return he thought sufficient, but he was concluded by the return made. Hence if he admitted the facts of the plaintiff's complaint, but denied their legal effect, he could not afterwards be heard to complain or to present a different issue of fact. The court determined the matter upon the pleadings before it; that is, upon the complaint and the demurrer. (Rev. Laws, 5704, 5705; Sutherland on Pleadings, vol. 4, sec. 7101; *Town of Hayward* v. *Pimental*, 107 Cal. 386.) "On demurrer to a declaration the judgment for plaintiff is peremptory." (*Hooper* v. *Chosen Freeholders*, 52 N. J. Law, 313.) "The application for the writ and the answer are the only pleadings allowed in applications for *mandamus;* and if the respondent files a demurrer, which is overruled, the writ will issue and no further pleadings will be considered." (*People* v. *Hamilton Co.*, 3 Neb. 244.) "A general demurrer to the petition relieves the case of controversy by admitting the truth of the allegations, and on overruling such demurrer a peremptory writ will issue." (*Sansome* v. *Nercer*, 68 Tex. 488.)

By the Court, McCARRAN, C. J.:

This action was instituted in the district court by and on behalf of respondent for a peremptory writ of *mandamus*. On the day designated for the return, the appellant here appeared and filed a demurrer to the complaint. On the hearing the court made an order overruling the demurrer. Immediately after the entry of the order, and in open court, it appears that appellant attempted to file an answer to the merits of the complaint or petition for *mandamus*. Respondent objected to the filing of the instrument, and the court sustained the objection, and refused to permit appellant to file any answer or take further steps in the proceedings, and

then and there directed the clerk to enter judgment for the respondent, plaintiff and petitioner in the court below, in accordance with the relief prayed for. The refusal of the court to permit the filing of an answer to the petition for *mandamus* is assigned as error, and together with other assignments comes here in the specification of errors. We shall conclude the matter with a consideration of this assignment, inasmuch as we deem the action of the trial court in refusing to permit appellant to file an answer to be error.

Chapter 73 of our civil practice act, being section 752 to section 771 of the act, inclusive (Rev. Laws, 5694–5713) is devoted entirely to proceedings and practice in *mandamus*. The statute declares the writ of *mandamus* may be denominated a writ of mandate. Section 753 designates in what cases the writ may issue.

Section 756 prescribes:

"When the application to the court or district judge is made without notice to the adverse party, and the writ is allowed, the alternative shall be first issued; but if the application be upon due notice, and the writ is allowed, the peremptory may be issued in the first instance. The notice of the application, when given, shall be at least ten days. The writ shall not be granted by default. The case shall be heard by the court whether the adverse party appear or not."

Section 757 prescribes:

"On the return day of the alternative, or the day on which the application of the writ is noticed, or such further day as the court or district judge issuing the writ may allow, the party on whom the writ or notice shall have been served may show cause by answer under oath, made in the same manner as an answer to a complaint in a civil action."

Section 758 provides:

"If an answer is made, which raises a question as to matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for a writ is based, the court

may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had and the verdict certified to the court. The question to be tried shall be distinctly stated in the order for trial, and the county shall be designated in which the same shall be had. The order may also direct the jury to assess any damages which the applicant may have sustained, in case they find for him."

Section 762 provides:

"If no answer be made, the case shall be heard on the papers of the applicant. If an answer be made which does not raise a question such as is mentioned in section 758, but only such matters as may be explained or avoided by a reply, the court may, in its discretion, grant time for replying. If the answer, or answer and reply, raise only questions of law, or put in issue immaterial statements, not affecting the substantial rights of the parties, the court shall proceed to hear, or fix a day for hearing, the argument of the case."

Section 770 of the civil practice act provides:

"Except as otherwise provided in the three chapters next preceding [chapter 72, Certiorari; chapter 73, Mandamus; chapter 74, Prohibition], the provisions of this code relative to civil actions in the district courts are applicable to and constitute the rules of practice in the proceedings mentioned in those chapters."

It will be seen that the proceedings in *mandamus* constitute a part of our civil practice act. Thus the whole proceeding, in so far as there are statutory provisions, is removed from the rule of practice known to the common law and takes its initiatory and every successive step directly from statutory mandate and prescription.

In the case of *State of Nevada ex rel. Curtis* v. *McCullough,* 3 Nev. 202, this court took cognizance of the civil practice act as being applicable to proceedings in *mandamus.* In the case of *State of Nevada* v. *Gracey,* 11 Nev. 223, referring to the case of *Curtis* v. *McCullough,* this court said:

"But whether it is the affidavit or the writ which the

statute requires to be answered, there can be no doubt
that, for the purposes of this motion, the affidavit per-
forms the office of a complaint, and the sufficiency
thereof is alone to be considered."

The court in that instance regarded the question
before it as turning on the affidavit, the same to be con-
sidered in the nature of a complaint in an ordinary
civil action and tested by the rule prescribed by the
practice act.

In some jurisdictions, proceedings in *mandamus* have
been regarded as of a criminal nature; indeed, such was
the central thought of those upon whom the administra-
tion of the writ devolved in the early making of the
common law. In other jurisdictions, it has been regarded
as a special proceeding; but this court, in the case of
*State* v. *Gracey, supra,* laid down the emphatic declara-
tion that proceeding by *mandamus* is a civil remedy, and
has all the qualities and attributes of a civil action, and
applies solely for the protection of civil rights. In the
case of *State* v. *Jumbo Ext. M. Co.,* 30 Nev. 192, 94 Pac.
74, 133 Am. St. Rep. 715, 16 Ann. Cas. 896, this court,
referring to the practice to which it gave sanction here,
held that while there may be little difference as to the
manner or mode of raising the issues, the better practice
was to raise objections to the petition by way of
demurrer or answer.

The proceedings in *mandamus,* whatever they may
have been at common law, have become more expeditious
and uniform, and are now in keeping with the ordinary
personal actions and the prescribed civil practice, and in
most jurisdictions we observe that *mandamus* proceed-
ings are governed by the same general principles, in so
far as pleadings are concerned, or the manner or mode
of joining issue, as those prescribed for civil actions
generally. In High's Extraordinary Legal Remedies, p.
329, it is stated:

"In this country, as well as in England, proceedings
in *mandamus* are now usually regarded as in the nature
of an action, to which the parties may plead as in other
actions."

A petition for an alternative writ of *mandamus,* or a complaint on which such writ is issued, is in most instances an *ex parte* proceeding. To say that the party to whom the writ is directed should be deprived of a right to test by demurrer the sufficiency of the petition or complaint upon which the writ was issued would be in our judgment to adopt a rather arbitrary view of the whole proceeding governing *mandamus.* Courts generally have adopted the broader and more liberal view.

In the case of *Swan* v. *Gray,* 44 Miss. 393, the court had before it the identical question here presented. There, however, no statutory provisions appear for the regulation of proceeding in *mandamus.* The court, after commenting on the force and effect of the several legal steps in a *mandamus* proceeding, held that it was error to deny the respondent the right to answer after his demurrer to the sufficiency of the petition had been overruled. There, even in the absence of statutory provision, the court held:

"But, if the demurrer be overruled, then the defendant must make return, denying the allegations of the writ, or setting up new matter constituting a defense to the relator's claim."

In the case of *State ex rel. Commissioners of Jefferson County,* 11 Kan. 66, the Supreme Court of Kansas, after referring to the practice at common law and under the English statute (9 Anne, c. 20), held that the alternative writ is now not merely a writ as formerly, but is a pleading, and the return is also a pleading, the issues being made up of the writ and the return, and the trial may be had on such issues, and judgment rendered for the plaintiff or for the defendant, the same as in any other civil action. There the court held, as did this court in the case of *Curtis* v. *McCullough, supra,* that the whole proceeding was in the nature of a civil action.

In the case of *State ex rel. Kelly* v. *Mayor and Aldermen of the City of Paterson,* 35 N. J. Law, 196, the Supreme Court of New Jersey, in viewing the question there presented under conditions not unlike those in the

matter at bar, laid stress on the view that the object of the return was to give the opposing party a full hearing on the merits before a judgment should be pronounced, which judgment would be peremptory in its nature.

In the case of *State ex rel. Green Bay & M. R. R. Co.,* v. *Jennings,* 56 Wis. 113, 14 N. W. 28, the Supreme Court of Wisconsin held that a proceeding in *mandamus* was to all intents and purposes a civil action within the meaning of the statute of Wisconsin, and being such, the petition, as well as the return, was to be tested as to form and sufficiency by the same rules which prevail in other civil actions.

In the case of *Union Oil Co.* v. *Campbell,* 48 La. Ann. 1350, 20 South. 1007, the conditions under which the proceedings came to the supreme court were identical to those presented in the case at bar. There, a demurrer having been overruled, the respondent filed his answer. The relators contended there, as here, that, the respondent having filed an exception (tantamount to the demurrer here), they were precluded from setting up any ground of defense on the merits. The court held the position untenable.

With a view to establishing a proper practice, the Supreme Court of New Jersey, in the case of *State ex rel. Hopper et al.* v. *Board of Freeholders,* 52 N. J. Law, 313, 19 Atl. 383, said:

"As the alternative *mandamus* takes the place of a declaration in these proceedings, the same practice should be followed. If a demurring defendant shows a real ground on which the command of the alternative writ ought not to be made peremptory, which he can only set up by return, he ought to be permitted to withdraw his demurrer, and make return on like terms as to costs."

In the case of *Bear* v. *Commissioners,* 124 N. C. 204, 32 S. E. 558, 70 Am. St. Rep. 586, it was held that *mandamus* being in the nature of a civil action, the pleadings and practice should be the same as those prescribed for in conducting civil actions.

In the case of *Wheeler* v. *Northern Colorado Irriga-tion Co.,* 10 Colo. 582, 17 Pac. 487, 3 Am. St. Rep. 603, the court, referring incidentally at least to the question here presented, held in effect that an alternative writ of *mandamus* performed the office of a complaint in the ordinary civil action. It must therefore state a cause of action, and, failing to do so, will not support a judg-ment. "Its legal sufficiency," said the court, "may, by the return or answer provided for in the civil code, be challenged as upon demurrer and tested under the rules of pleading applicable to the ordinary complaint, when assailed by demurrer."

The Supreme Court of Oregon, in considering the question as to the right of a respondent in a *mandamus* proceeding to demur and answer, held that, upon the return, the respondent, under the provisions of the code, might demur or answer in the same manner as to a complaint in an action. In that jurisdiction the doctrine has been established that the petition in *mandamus* pro-ceedings is no part of the pleading, and the writ itself serves the same purpose as the complaint in other actions, and must state all material facts showing a clear right to the relief demanded.

While the doctrine in this jurisdiction, having been established by decisions of this court, holds (*Curtis* v. *McCullough, supra*) that it is to the petition that the respondent must plead or reply, the principle is, how-ever, the same as to the right of respondent to demur, thereby testing the sufficiency of the pleading by reason of which he is to be compelled to act. But, if the court overrules the demurrer, we conclude, as did the Oregon court, that in justice he should be permitted to interpose a meritorious defense. (*Elliott* v. *Oliver County Clerk,* 22 Or. 44, 29 Pac. 1.)

Respondent here refers us to the case of *People ex rel.* v. *Hamilton County,* 3 Neb. 244, where the court, in response to an inquiry, stated without extended consid-eration that in cases of *mandamus* the only pleading allowed would be the application for the writ and the

answer as contemplated by the code. The court there held that parties might file a demurrer, but, if the same was overruled, the writ would issue, and no further pleadings be allowed. Whatever may have been in the mind of the court at the time of the rendition of this assertion, it is very apparent that the rule there declared was not followed, and has never been the accepted doctrine, in Nebraska.

In *Long* v. *State,* 17 Neb. 60, 22 N. W. 120, the court said:

"Where an alternative writ of *mandamus* fails to state facts sufficient to entitle the relator to the performance of the duty sought to be enforced, such defect may be taken advantage of by a demurrer, the same as in any other action, and the same right to answer, in case the demurrer is overruled, will exist in favor of a respondent as in any other proceeding."

And again, in the case of *State ex rel. Moore* v. *Chicago, St. Paul, Minn. & Omaha R. R Co.,* 19 Neb. 476, 27 N.W. 434, the court said:

"Where it is sought to test the sufficiency of a petition for a *mandamus,* the proper course is to demur to the petition upon the ground that the facts stated herein do not entitle the relator to the relief sought."

To the same effect was the rule asserted in the case of *State ex rel. Levy* v. *Spicer,* 36 Neb. 469, 54 N. W. 849, and *State ex rel. Haberlan* v. *Love,* 89 Neb. 149, 131 N. W. 196, 34 L. R. A. n. s. 607, Ann. Cas. 1912C, 542.

The question was again raised and passed upon in the case of *State ex rel. Kelley* v. *Ferguson,* 95 Neb. 63, 144 N. W. 1039, 50 L. R. A. n. s. 266, where the whole question was reviewed in the light of former decisions.

The right of a respondent in a *mandamus* proceeding to demur, and thereafter to answer, was passed upon by the Supreme Court of Washington in the case of *State ex rel. Hawes* v. *Brewer et al.,* 39 Wash. 65, 80 Pac. 1001, 109 Am. St. Rep. 858, 4 Ann. Cas. 197, where it was held that, in a jurisdiction where the code system of pleading obtains, the defendant in *mandamus* proceedings may demur to the complaint; the demurrer in such an

instance performing the office of a motion to quash the writ. Section 1418 of the code of civil procedure of the State of Washington (Pierce's Code), bearing upon hearing demurrer and answer, is substantially the same as section 762 of the code of civil procedure of this state (Rev. Laws, 5704).

In Ruling Case Law, the text lays down the general proposition that the same right to answer in case a demurrer to an alternative writ is overruled will exist in favor of the respondent as in any other proceedings, and the text in this respect is supported by the following decisions: *Ill. Cent. R. R. Co.* v. *People,* 143 Ill. 434, 33 N. E. 173, 19 L. R. A. 119; *State* v. *Ferguson, supra.* (See 18 R. C. L. 351.)

The question here dealt with was before the Court of Appeals of Colorado in the case of *Board of Public Works* v. *Hayden,* 13 Colo. App. 36, 56 Pac. 201. That court was confronted with this question under code provisions which are in nearly all respects identical to ours; and in view of the lucid manner in which the question was there discussed, we have no hesitancy in following the reason and conclusion there reached. In that case, as in the matter at bar, it was contended that, inasmuch as the provision of the code declared that the writ of *mandamus* might be issued in the manner provided in that chapter, and not otherwise, a demurrer interposed to a petition for *mandamus* constituted an answer within the meaning of the chapter, and, as the demurrer raised only questions of law, the case was one for determination by the court upon the argument, and, as there was no discretion in the court to allow an amendment, a decision upon the demurrer interposed would conclude the case. The court, in dealing with this contention, held that the language of the law contemplates a petition which calls for an answer, saying:

"Surely a petition which may result in a peremptory writ must be a good petition; and the manner prescribed for the issuance of a peremptory writ necessarily supposes preliminary papers, which on their face would authorize the writ. If compliance by the applicant with

the requirements of the chapter involves the presentation of a sufficient petition, and he fails in this respect, then the provisions regulating the subsequent proceedings have no application. It follows, therefore, that the respondent is entitled to the judgment of the court upon the sufficiency of the petition, and that when it is finally determined that a sufficient petition has been presented, and not before, it is incumbent upon him to make answer."

By the terms of section 770, the provisions of our code relative to civil actions in the district court are made applicable to and constitute the rules of practice in the proceedings mentioned in the chapter dealing with *mandamus*. Hence as we view it, in *mandamus* proceedings the relator or petitioner is to be regarded as the plaintiff, and the respondent, or party to whom the writ is addressed, is to be regarded as the defendant, as those terms apply and are applied in our civil practice act. The form of the application may, as we view it, be that of a verified complaint, as in other proceedings, or in personal actions, or it may be that of an affidavit made by the applicant under oath. If the provisions of section 770 mean anything, they confer upon the parties to a proceeding in *mandamus* the same rights and privileges as are conferred to parties in any other civil action, except as the same may be curtailed or extended by the provisions of the code dealing explicitly with *mandamus*.

We are referred by respondent here to the case of *Hayward* v. *Pimental*, 107 Cal. 386, 40 Pac. 545, in support of their contention that under our code, which is the same as that of California, a respondent in a *mandamus* proceeding, whose demurrer is overruled, is precluded from filing further answer. We do not understand the Supreme Court of California to have so held in the Hayward case; but, if such be the holding of that court, we refuse to adhere to that position. We take it, however, that the question here presented is quite different from that presented in the Hayward case. We note there the court says:

"Appellant, in response to the complaint or affidavit on which respondent founded its application for a *mandamus*, filed an answer wherein he set up the circumstances of said motion to quash the writ of execution, and that he had 'fully heard, all and singular the evidence and argument offered by the respective parties upon such motion in the said action, and as such recorder, and as such recorder's court,' after full consideration, determined said motion, and ordered that the writ of execution be quashed. He made no other defense. The superior court sustained a demurrer to the answer, and at the same time rendered judgment directing that the writ of mandate issue as prayed for."

There it appears that the respondent filed an answer, to which the petitioner or relator demurred. The demurrer was sustained. In a strict sense, there is no analogy between the Hayward case and that at bar. We find further in the reported decision it is stated:

"And it sufficiently appears from the recitals referred to that there was a hearing and a submission, not merely of the demurrer, *but of the cause on the pleadings*. [We italicize.] If this were not so, appellant should have shown the incorrectness of the recitals by a bill of exceptions or otherwise, which he has not done. Such a hearing was a sufficient compliance with the requirements of said section 1088 of the Code of Civil Procedure."

The whole spirit of the law, as well as the letter of our code, seems to revolt at a rule which would deprive a party of the right to interpose a meritorious defense where, acting with due diligence and with apparent regard for the rights of others, the party seeks to interpose such defense. It would, we think, do violence to our system of jurisprudence to say that, because a party sought to challenge by demurrer the sufficiency and validity of a proceeding by which he is summoned into court or is to be peremptorily ordered to perform an act, he must thereby hazard his rights to interpose a defense, when by the interposition of such defense the court

would be better able to render justice and fair dealing between the parties.

The order appealed from is reversed. The case is remanded, with instructions to the lower court to permit the defendant, appellant here, to file his answer.

It is so ordered.