ROBERT A. GULBRANSON, DBA THE FUN MART, APPELLANT, v. THE CITY OF SPARKS, AND CHARLES A. DOYER, CHIEF LICENSE OFFICER OF THE CITY OF SPARKS, RESPONDENTS.

No. 6871

March 9, 1973                    506 P.2d 1264

*Henry R. Gordon,* of Las Vegas, for Appellant.

*Paul Freitag,* City Attorney, of Sparks, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

On August 13, 1971, through co-respondent Charles A. Doyer, Chief License Officer of the City of Sparks, the City of Sparks revoked the business license of Robert A. Gulbranson, doing business as The Fun Mart. Gulbranson petitioned for an alternative writ of mandamus to compel return of his license, to cease harassing and arresting petitioner and his employees, to pay damages of $800.00 per day from August 13 until the license be restored, and to pay $9,000.00 as attorney's fees, or in the alternative to show cause why the city should not do so.

The alternative writ that issued from the court did not conform precisely to the petition but commanded respondents to return Gulbranson's license, to cease the harassment and the threatening of arrest, or in the alternative to show cause why respondents did not do so and why they should not pay damages for such refusal. Immediately upon receipt of the writ the city returned the business license.

Counsel for both parties appeared before the court in chambers at the time set for the hearing on the writ at which time counsel for the city informed the court of the return of the license. Counsel for Gulbranson complained that he had not been informed of the license return and that his client had suffered damages. Although no answer was filed and no hearing was held on the petition the court ordered the petition dismissed, found that no damages were proved and awarded petitioner attorney's fees in the amount of $500.00 together with his costs. Gulbranson appeals to assert his right to damages.

The trial court should have conducted a hearing on the damage issue. We remand to it for that purpose. Whether the co-respondent Chief License Officer exercised due care in the execution of the city licensing ordinances, NRS 41.032(1), or performed his duties as a discretionary function, NRS 41.032

(2), was not raised for our determination on this appeal and these may be determining factors at the future hearing, but for our present purposes the main concern is the matter of Gulbranson's request for damages. In his petition Gulbranson demanded damages to commence from the date his license was taken from him, but the writ prescribed damages in the event the city refused to return the license when the writ was issued, a difference of several days.

Damages are a proper request in a petition for a writ of mandamus. NRS 34.270 provides that: "If judgment be given for the applicant, he shall recover the damages which he shall have sustained as found by the jury, or as may be determined by the court. . . ." It is not clear whether judgment was given for the petitioner. The petition was dismissed after his license was returned, yet he was awarded costs and attorney's fees and denied damages.

The city evidently believed that return of the license made all other questions moot and filed no answer. In Nevada, although there is no rule, vintage cases require that it is the petition and not the writ which must be answered. Whitman v. Moran, 54 Nev. 276, 277–78, 13 P.2d 1107 (1932); Flanigan v. Burritt, 41 Nev. 504, 507–08, 511, 173 P. 352, 353–54 (1918); State of Nevada v. McCullough, 3 Nev. 202 (3–4 Nev. Repub. 181, 191) (1867).

We therefore must proceed to decide the effect of the city's failure to file an answer or return for petitioner insists that this should be treated as a default matter and damages be awarded as prayed in his petition.

NRS 34.200 prevents that result. NRS 34.200 provides in part that: "The writ shall not be granted by default." Thus, a recovery cannot be had by the city's failure to respond. That section further provides: "The case shall be heard by the court, whether the adverse party appear or not." The kind of hearing required is prescribed in NRS 34.260 which states that if no answer is made, as here, the case shall be heard on the "papers" of the applicant.

Petitioner's attorney, together with counsel for the city, appeared before the court at the designated time in the writ and it was then that the petitioner's counsel first learned that the city had obeyed the writ as soon as it was issued. He protested that he should have been informed and pressed his case further that the issues of costs, attorney's fees and damages

were still unresolved. He stated, "it is our contention . . . that there have been damages which could have been mitigated." Further, "I request . . . damages should be granted for the period of time . . . between closure . . ." And also, ". . . the damages can be considered together with costs of suit." The city's attorney responded to the argument. Clearly, it was brought to the attention of the court that damages must be considered as an issue but without calling for presentation of evidence the court ruled that the question of damages was moot. Yet, later in formal findings the court referred to the damages as having failed for lack of proof in spite of a clear record that petitioner was not given the opportunity to present proof. He must be allowed that opportunity. Counsel should not be required to press his case to the point of contempt or be barred his remedy.

Reversed and remanded for a hearing in accordance with this opinion.

GUNDERSON and BATJER, JJ., concur.

THOMPSON, C. J., with whom MOWBRAY, J., agrees, dissenting:

This matter should not be remanded for a hearing on the issue of damages. The court did not preclude proof on that issue. I would affirm the judgment in all respects.

The City of Sparks revoked the general business license it previously had granted to Robert A. Gulbranson to operate a bookstore called The Fun Mart. Believing that the City's action violated his constitutional rights, Gulbranson filed a petition for an alternative writ of mandamus with the district court to compel the return of his license and also requesting damages.[1] An alternative writ was issued commanding the City to return the license, or to show cause on a specified day why it had not done so and why it should not pay damages for such refusal. The alternative writ, together with the order that it issue and petition therefor, were served upon the City.

The City obeyed the command of the writ and returned the license forthwith to Mr. Gulbranson. The City, however, did not answer under oath, NRS 34.210, apparently believing that such action was not required since it had obeyed the writ. In this, the City was mistaken. Our cases contemplate that an answer shall be made to the petition, and not to the alternative

---

[1]NRS 34.270. "If judgment be given for the applicant, he shall recover the damages which he shall have sustained. . . ."

writ. State of Nevada v. McCullough, 3 Nev. 202 (1867); Flanigan v. Burritt, 41 Nev. 504, 173 P. 352 (1918).

It is, of course, true that the portion of the proceeding seeking the return of the business license was mooted by the return of that license. State v. Pitre, 209 So.2d 764 (La. 1968); State v. Brotherhood of R.R. Trainmen, 166 N.E.2d 923 (Ohio 1966); State v. Criminal Court of Marion County, 207 N.E.2d 632 (Ind. 1965); Carrier v. Gardner, 385 S.W.2d 75 (Ky. 1964); Ex parte Burton, 157 So.2d 226 (Ala. 1963). The issue of damages, however, remained a viable issue in the case.[2]

On the day designated for the City to show cause before the court, counsel for both parties appeared. The attorney representing the petitioner announced that he was ready to proceed. The City Attorney suggested that the entire matter was rendered moot by the return of the license. Other discussion was had between court and counsel for both sides. Counsel for the petitioner did not request an opportunity to present evidence in support of his client's claim for damages, nor did he make an offer of proof. The court found that the issue of damages was not moot and that no damages were proved by the petitioner.[3]

---

[2] It appears from the record that the City revoked Gulbranson's business license on August 13, 1971, and returned it on August 31, 1971. Gulbranson sought to recover compensation for damages incurred during that period of time.

[3] "FINDINGS OF FACT, CONCLUSIONS OF LAW AND JUDG-MENT

"At the time set for hearing on the alternative writ of mandamus, Henry R. Gordon, Esq., appeared for petitioner and Paul W. Feitag [sic], Esq., appeared for respondent. Counsel for respondent informed the Court that respondent had reinstated petitioner's business license immediately upon receipt of the alternative writ. Therefore, the case was moot as to all questions except damages, costs and attorneys' fees, and the Court ordered the petition dismissed. No answer was served or filed and no hearing was held on the petition. The Court permitted the parties to submit briefs on the question whether or not attorneys' fees could or should be awarded. The Court, having considered the briefs submitted by the parties, makes the following findings of fact:

"FINDINGS OF FACT

"The business license of petitioner was reinstated as a result of the petition for a writ of mandamus.

"Counsel for petitioner either knew or should have known that the license had been reinstated.

"No damages were proved by petitioner.

"CONCLUSIONS OF LAW

"The Court concludes as a matter of law that:

"Only such damages as are proved may be awarded in a mandamus proceeding.

. . . ."

The proceeding was dismissed. This appeal is only from that part of the judgment which denied damages.

Although the majority opinion is correct that a hearing on damages did not occur, it is incorrect in the observation that an opportunity for such a hearing was precluded. Counsel for Mr. Gulbranson simply did not ask that he be allowed to offer evidence on that issue. It was counsel's obligation to proceed with his client's cause or at least request the opportunity to do so. Consequently, I find no justification for returning this matter to the district court.