DEPARTMENT OF MOTOR VEHICLES, Appellant,
*v.* JOHN C. REBOL, Respondent.

No. 10503

January 22, 1979 589 P.2d 178

*Robert List,* Attorney General, *Stephen R. Minagil, Wayne D. Wilson,* Deputy Attorneys General, Carson City, and *Michael Kaplan,* Deputy Attorney General, Las Vegas, for Appellant.[1]

*Carl F. Martillaro* and *Edward Bernard,* Carson City, for Respondent.

---

[1]Counsel of record for appellant were not the counsel for the DMV in the trial court.

## OPINION

*Per Curiam:*

On March 29, 1977, appellant terminated respondent's employment as drivers' license examiner. On April 5, 1977, pursuant to NRS 284.390, respondent requested a hearing before the Personnel Advisory Commission. Without explanation for the delay, Rebol received notice on June 27, 1977, that his hearing was set for July 6, 1977.

On June 29, 1977, Rebol filed a petition and verified affidavit for an alternative writ of mandamus. He complained that he had not been granted a termination hearing within twenty days of his request as contemplated by NRS 284.390.[2] He demanded either reinstatement and reimbursement for lost wages and benefits or, alternatively, an order to show cause why he should not be reinstated. The order to show cause issued July 5, 1977 and service of process was then effected.

Thereafter, appellant failed to answer the petition, and the district court granted Rebol the requested relief. An order granting permanent mandamus was entered September 27, 1977.

Contending the writ was granted by default in violation NRS 34.200, the Department of Motor Vehicles appealed.[3] We find the writ was not granted by default, and accordingly dismiss the appeal.

 ██

NRS 34.260 provides that if no answer is made to the order to show cause, "the case shall be heard on the papers of the applicant." Before it the trial court had Rebol's verified petition and affidavit. The affidavit averred that the allegations

---

[2]NRS 284.390(2) provides:

"The hearing officer shall grant the employee a hearing within 20 working days after receipt of the employee's written request unless the time limitation is waived, in writing, by the employee or there is a conflict with the hearing or review calendar of the hearing officer, in which case the hearing shall be scheduled for the earliest possible date after the expiration of the 20 days."

[3]NRS 34.200 provides in part that "[t]he writ shall not be granted by default. The case shall be heard by the court, whether the adverse party appear or not."

contained in Rebol's notice of termination were false and misleading, that he had not been granted a hearing within 20 days as required by NRS 284.390, and that the delay in a hearing had resulted in the deprivation of an important property right without due process of law. He demanded that he be reinstated and reimbursed for lost wages and benefits. The district court considered the evidence and granted the relief requested. As the petition was heard on the papers of the movant, it was not granted by default. NRS 34.200; compare Gulbranson v. City of Sparks, 89 Nev. 93, 506 P.2d 1264 (1973).

Finally, appellant's assertion that it was entitled to answer orally on the date set for the hearing on the order to show cause is without merit. NRS 34.210 provides that the answer shall be made "in the same manner as an answer to a complaint in a civil action." The trial judge properly concluded that a written answer is contemplated and accordingly refused to hear appellant's oral assertions.

There being no error, the judgment is affirmed.[4]

---

[4]The Chief Justice designated Hon. David Zenoff, Senior Justice, to sit in this case in place of the Hon. Gordon Thompson, who was disqualified. Nev. Const. art. 6, § 19; SCR 243.