**VARI–BUILD, INC., Plaintiff,**

**v.**

**CITY OF RENO, Barbara Bennett, Jim Thornton, Janice Pine, Peter Sferrazza, Joe McClellan, Dick Scott, Florence Lehners, Phil Herrington, Leann McElroy, and Robert S. Shoemaker, Defendants.**

**No. CV–R–83–250–ECR.**

United States District Court,
D. Nevada.

Sept. 18, 1984.

Franklin Cal Hoover, Reno, for plaintiff.

Charles L. Eddleman, Asst. City Atty., Reno, for defendants.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Defendants' motion to dismiss this 42 U.S.C. § 1983 action has required consideration of matters outside the pleading. The Court, by Order filed December 16, 1983, advised the parties that the motion was being treated as a Fed.R.Civ.P. 56 motion for summary judgment. Both sides have supplemented the record, so that the Court feels fully advised.

The Complaint asks damages for Defendants' failure to issue a business license to Plaintiff for an eight kitchen/thirty-two bedroom living facility Plaintiff constructed under building permits issued to it. The individual defendants are all officers and employees of defendant City of Reno. The First Claim for Relief alleges violations of Plaintiff's due process and equal protection rights; the Second Claim for Relief charges breach of contract, based on the building permits and certificate of occupancy; the Third Claim for Relief sounds in negligence for failure to issue the business license.

*Factual Setting*

Plaintiff submitted plans for its "common kitchen" apartment-type facility to the Regional Planning Commission of Reno and Washoe County about February 4, 1981. The Commission approved the plans and, on February 17, 1981, building permits were issued. However, on April 27, 1981, the Reno City Council ordered that a stop work order be issued, because of alleged building code and zoning violations. Plaintiff commenced an action in State court and obtained an order lifting the stop work order. The basis for the court order was

the failure of the City Council to give written notice to Plaintiff of the meeting at which the violations were considered. Construction resumed.

On June 1, 1981, the City of Reno ceased affiliation with the Regional Planning Commission. The City's Board of Adjustment then conducted a hearing on July 15, 1981, concerning Plaintiff's facility. It decided that Plaintiff was in violation of the building code and zoning restrictions. The Reno City Council affirmed the Board's decision. As to zoning, the Council reinterpreted a City ordinance. Instead of counting kitchens in a "common kitchen" facility to determine density, the Council decided the proper procedure was to count bedrooms. The longstanding policy of the City had been to count kitchens; at least three other similar "common kitchen" facilities had been approved and constructed in Reno during 1979 and 1980. Since Plaintiff's facility had thirty-two bedrooms, the new interpretation of the ordinance resulted in too many living units on the parcel of land. Thus, it was found to violate the zoning law, as well as the building code. Nevertheless, a certificate of occupancy was issued pursuant to order of the State court.

Plaintiff's application for a business license (required before the apartment units could be rented) was denied on August 6, 1981. The denial was upheld by the City Council on August 17, 1981, upon Plaintiff's appeal to it.

Plaintiff then commenced an action in State court, praying for damages and for a writ of mandamus commanding the City of Reno to issue a business license. On October 12, 1981, Nevada District Judge Peter I. Breen dismissed the claim for damages for the purpose of simplifying the trial of the mandamus action.

Judge Breen's Decision was handed down December 3, 1981, after a five-day trial. He found that it had been the policy of the City administrators, the City Attorney and the Regional Planning Commission to count the kitchens in ascertaining the number of units in a "common kitchen" apartment facility. He also stated that

Plaintiff's project would have complied with zoning requirements had the policy not been changed by the City Council. The change was made when Plaintiff's construction was 85% completed. After the project had been finished, Plaintiff's application for a business license was denied on zoning grounds.

The Decision stated that the central issue was estoppel. "This is an equitable principle and I must consider if one who seeks equity is doing equity." Judge Breen pointed out that setback requirements had been violated, that the number and size of parking spaces were not in accordance with requirements, that the parking lot paving and base materials were not of required thickness, that certain railings were below standard, and that the facility was undervalued by Plaintiff in its application for building permits. In each instance the City was held to have had knowledge of the defects and to have approved them.

In discussing the principles of estoppel as applied against a city (generally a city can't be estopped by an erroneous act of its agent), Judge Breen noted that the doctrine could be invoked where municipal officers' actions had induced a party to act and where substantial loss would be suffered. He found that the City of Reno's former policy of counting kitchens induced Plaintiff to construct his project, with attendant expenditure of large sums of money.

Nevertheless, the Decision noted that Petitioner's twenty years experience as a builder in the area should have made it aware of the building code. The Judge found that Plaintiff was not induced to rely on anyone when it violated setback, parking space, railing, parking lot and valuation requirements. Combining this finding with the adverse effects of the project on its neighbors, Judge Breen held that it would be inequitable to apply estoppel against the City, and he denied the request for a writ of mandamus.

Toward the end of his Decision, Judge Breen wrote:

"As I have stated, I would grant the Writ were I dealing solely with the issue of the 'common kitchen.' But I am not. Mandamus is an extraordinary remedy. A clear legal right to such relief must be shown. I have some doubt as to whether these violations can be corrected. In view of my conclusion, I see no need to discuss the other issues and motions presented."

*Statute of Limitations*

Nevada statute states that no action for judicial relief with respect to any final decision of any governing body "... granting or changing any land use classification or granting any special use or variance" is permitted unless the action is commenced within 25 days of the filing of notice of the decision. NRS 278.0235. Defendants contend that planning and zoning procedures constitute the basis for Plaintiff's Complaint herein, so that the statute applies. The Complaint was filed almost two years after the Reno City Council's upholding of the denial of a business license to Plaintiff.

The California statute involved in *Willis v. Redden,* 418 F.2d 702 (9th Cir.1969), was similar to NRS 278.0235 in that it, also, conditioned the right to sue upon a timely (within six months) filing of the action. The opinion declared that the effect was to qualify a federally created right. Therefore, the State statute was held to be inapplicable. *See also Metropolitan Water District of Southern California v. State,* Nev., 665 P.2d 262, 264 (1983); *Aitchison v. Raffiani,* 708 F.2d 96, 102 (3rd Cir.1983). *Aitchison* reasoned that a Pennsylvania six-month statute of limitations governing suits against government officials would be inconsistent with the remedial spirit of federal civil rights actions.

■ Since the Civil Rights Act provides no statute of limitations for an action brought under § 1983, federal courts look to the state within which the action arose. *Smith v. Cremins,* 308 F.2d 187, 189 (9th Cir.1962); *Mason v. Schaub,* 564 F.2d 308, 309 (9th Cir.1977). In the Ninth Circuit the state limitations statute applicable to actions upon a liability created by statute is borrowed. *Plummer v. Western International Hotels Company, Inc.,* 656 F.2d 502, 506 (9th Cir.1981); *Clark v. Musick,* 623 F.2d 89, 92 (9th Cir.1980). The appropriate Nevada statute is NRS 11.190(3)(a), which imposes a three-year limitation. *Mason v. Schaub, supra* at 309.

■ Although the limitation period for a federal civil rights action may vary from state to state, all such actions brought within a single state are subject only to the period specified for a liability created by statute. *Clark v. Musick, supra* at 92; *Garcia v. Wilson,* 731 F.2d 640, 651 n. 4 (10th Cir.1984). Thus, the particular nature of a defendant's conduct is not determinative. Plaintiff's lawsuit herein is not barred by the statute of limitations.

*Res Judicata and Collateral Estoppel*

Defendants argue that the parties and the subject matter of the instant action are the same as those that were before Judge Breen in State court. They urge that his Decision operates as a bar because of the doctrines of res judicata and collateral estoppel.

■ Those doctrines do apply in § 1983 actions, so that a federal court must give preclusive effect to state court judgments involving the same issues or claims for relief. *Heath v. Cleary,* 708 F.2d 1376, 1379 (9th Cir.1983). The doctrine of res judicata precludes parties or their privies from relitigating a claim for relief that has been finally determined by a court of competent jurisdiction. *Landex, Inc. v. State ex rel. List,* 94 Nev. 469, 582 P.2d 786, 790 (1978). The preclusive effect in federal court is the same that the judgment would have in the courts of the state where it was obtained. *Migra v. Warren City School Dist. Bd. of Education,* — U.S. —, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *Heath v. Cleary, supra* at 1379.

■ In order for res judicata to act as a bar:

(1) The issue decided in the prior adjudication must have been identical with the issue presented in the later action;

(2) There must have been a judgment on the merits; and

(3) The party against whom the doctrine is asserted must have been a party to the earlier action or in privity with such a party.

*Horvath v. Gladstone*, 97 Nev. 594, 637 P.2d 531, 533 (1981). The state court judgment is conclusive not only on the claims for relief actually contested and determined, but also as to claims which might have been litigated and decided. *York v. York*, Nev., 664 P.2d 967, 968 (1983); *see also Bd. of Trustees of Carpenters Pension v. Reyes*, 688 F.2d 671, 673 (9th Cir. 1982).

In Nevada, damages are generally a proper request in a petition for writ of mandamus. *Gulbranson v. City of Sparks*, 89 Nev. 93, 506 P.2d 1264, 1265 (1973). Nevertheless, Plaintiff's claim for damages in the State court action was dismissed by the Court as a procedural means of expediting trial of the mandamus action. Therefore, it can't be said that the instant claim for damages might have been litigated in the prior action. *See Gallagher v. Frye*, 631 F.2d 127, 130 (9th Cir.1980). Res judicata does not bar Plaintiff's claims for relief herein.

Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different claim for relief involving a party to the first action. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980). For the doctrine to be invoked it is necessary that:

(1) There have been a final judgment on the merits in the prior action;

(2) The party against whom it is asserted must have been a party or in privity with a party to the earlier adjudication; and

(3) The issue decided in the prior litigation must have been identical with the one presented in the later action.

*Clark v. Watchie*, 513 F.2d 994, 998 (9th Cir.1975). Factors (1) and (2) are fulfilled here. Factor (3) is not. The right to mandamus is not the same issue as to the right to damages for deprivation of federal rights. *Heath v. Cleary*, 708 F.2d 1376, 1379–80 (9th Cir.1983); *Gallagher v. Frye*, *supra* at 130; *see also Haslund v. City of Seattle*, 86 Wash.2d 607, 547 P.2d 1221, 1231 (1976). Therefore, collateral estoppel is not a bar to Plaintiff herein.

*Negligence*

In its Third Claim for Relief, Plaintiff alleges that defendant City of Reno had a duty to it to issue a business license and negligently breached that duty.

The power of a city to require a license implies the power to revoke a license which has been improperly issued. *See Kudla v. Moore*, 537 F.Supp. 87, 89 (E.D.Mich.1982), *aff'd w/o op.* 711 F.2d 1057 (6th Cir.1983). Also, an administrative body generally is not bound by the erroneous acts of a predecessor board in deciding whether to permit a particular use for property. *Archdiocese of Portland v. County of Washington*, 254 Or. 77, 458 P.2d 682, 687 (1969). However, these general rules do not apply where official conduct has created specific reliance by an individual. *See Frye v. Clark County*, 97 Nev. 632, 637 P.2d 1215, 1216 (1981); *In re M/T Alva Cape*, 405 F.2d 962, 968 (2nd Cir.1969). Judge Breen already has found that Plaintiff was induced to rely on the earlier policy and practice of the City of Reno in counting kitchens in "common kitchen" facilities to determine density with respect to zoning restrictions. Defendants' motion for summary judgment must be denied as to the Third Claim for Relief.

*§ 1983*

Defendants contend that a § 1983 action can be maintained in federal court only if an adequate state administrative remedy is not available, and that such a remedy was available to Plaintiff. Further, they point out the several hearings and the State

court review afforded Plaintiff as indicative that any deprivation of its rights was not without due process of law.

 Defendants' argument is based on the landmark case of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), in which the plaintiff was held not to have stated a claim for relief under § 1983 because due process was available to him in the state court system. However, the opinion emphasizes, on p. 543, 101 S.Ct. p. 1916, that "the deprivation did not occur as a result of some established state procedure." The deprivation had occurred as a result of the unauthorized failure of the state's employees to follow established procedure. *See also Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir.1983). Here it is the effect on Plaintiff of the established State procedure that has given rise to this litigation. From Plaintiff's point of view, Defendants' decision against him was arbitrary. An arbitrary decision cannot be validated by a procedurally correct review process that produces an equally arbitrary ruling. *J.W. v. City of Tacoma, Wash.*, 720 F.2d 1126, 1132 (9th Cir.1983). In addition to its due process contentions, Plaintiff also claims violation of his equal protection guarantee. It does apply to the power of a city to regulate the use of land. *Kinzli v. City of Santa Cruz*, 539 F.Supp. 887, 894 (N.D.Cal.1982). Genuine issues of material fact remain as to Plaintiff's § 1983 claims.

*Contract*

 In its Second Claim for Relief, Plaintiff alleges that the issuance of building permits and a certificate of occupancy constitutes a contract which defendant City of Reno has breached. Defendants correctly contend that a license issued in the exercise of the City's police power confers no contractual rights upon the licensee. *See Butcher v. Maybury*, 8 F.2d 155, 158 (W.D. Wash.1925); *Palmetto Fire Ins. Co. v. Beha*, 13 F.2d 500, 505 (S.D.N.Y.1925); *Rosenblatt v. California State Bd. of Pharmacy*, 9 Cal.App.2d 69, 158 P.2d 199, 202 (1945). Defendant City of Reno is entitled to dismissal of the Second Claim for Relief.

*Inverse Condemnation*

Plaintiff's Complaint alleges that, as a result of Defendants' conduct, it has been denied its rights to own and use property, to freedom of contract, and to due process and equal protection of the law. Defendants argue that there has been a mere decrease in value of the property and not a total taking, therefore inverse condemnation principles are not applicable.

 A taking is effected if the application of a zoning law denies a property owner of economically viable use of his land. *Agins v. City of Tiburon*, 447 U.S. 255, 260, 100 S.Ct. 2138, 2141, 65 L.Ed.2d 106 (1980). This can consist of preventing the best use of the land or extinguishing a fundamental attribute of ownership. *Id.* at 262, 100 S.Ct. at 2142. Plaintiff could use his land for apartment buildings that comply with the City's zoning restrictions, therefore inverse condemnation is not here involved. However, Plaintiff's pleadings ask for damages under § 1983, and not for taking per se. The overregulation of land by a municipality can give rise to damages under § 1983. *Martino v. Santa Clara Valley Water Dist.*, 703 F.2d 1141, 1148 (9th Cir.1983).

*Conclusion*

 Where a motion for summary judgment is at issue, the moving parties have the burden of establishing the non-existence of any triable issue of fact. *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1250 (9th Cir. 1982). All facts and inferences therefrom must be viewed in the light most favorable to the non-moving party. *Ibid.*

Genuine issues of material fact exist as to Plaintiff's First and Third Claims for Relief, so that it may not be concluded that Defendants are entitled to judgment thereon as a matter of law. To the extent that the Third Claim could be construed as a claim based on common law negligence, this Court would have pendent jurisdiction. *See United Mine Workers of America v.*

*Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). Defendant City of Reno is entitled to judgment on the Second Claim for Relief, which sounds in breach of contract, for the reason discussed above.

IT IS, THEREFORE, HEREBY ORDERED that judgment shall be entered in favor of defendant City of Reno dismissing the Second Claim for Relief.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment be, and the same hereby is, denied as to the First and Third Claims for Relief.