138 Nev., Advance Opinion 77

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| FREEMAN EXPOSITIONS, LLC, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE VERONICA BARISICH, DISTRICT JUDGE, Respondents, and JAMES ROUSHKOLB, Real Party in Interest. | No. 83172 |



FILED

DEC 01 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus challenging a district court order denying in part a motion to dismiss.

*Petition granted in part and denied in part.*

Jackson Lewis P.C. and Lynne K. McChrystal and Paul T. Trimmer, Las Vegas,
for Petitioner.

Gabroy Law Offices and Christian J. Gabroy, Henderson,
for Real Party in Interest.

Claggett & Sykes Law Firm and Micah S. Echols, Joseph N. Mott, and Scott E. Lundy, Las Vegas,
for Amicus Curiae Nevada Justice Association.

22-37740

BEFORE THE SUPREME COURT, EN BANC.[1]

*OPINION*

By the Court, STIGLICH, J.:

Pursuant to the Nevada Constitution, the Legislature has enacted laws permitting the use of cannabis to treat certain medical conditions by qualifying patients. Nev. Const. art. 4, § 38; NRS Chapter 678C. The Legislature has additionally provided that employers "must attempt to make reasonable accommodations for the medical needs of" employees who use medical cannabis outside of the workplace while possessing a valid registry identification card, unless certain exceptions apply. NRS 678C.850(3).

As a matter of first impression, we are tasked with interpreting whether Nevada law provides employees who use medical cannabis with workplace protections. We observe that the Legislature has clearly distinguished between recreational and medical cannabis use in the employment context, and we conclude that NRS 678C.850(3) provides employees with a private right of action where an employer does not provide reasonable accommodations for the use of medical cannabis off-site and outside of working hours. As employees have a private right of action under NRS 678C.850, we conclude that employees lack a cause of action in circumstances such as these for tortious discharge or negligent hiring, training, or supervision. And we extend our recent decision in *Ceballos v. NP Palace, LLC*, 138 Nev., Adv. Op. 58, 514 P.3d 1074 (2022), to hold that

---

[1]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.

employees who use medical cannabis may not bring a claim against their employer under NRS 613.333.

Accordingly, the district court properly declined to dismiss real party in interest's claim under NRS 678C.850(3) but erred by not dismissing the claims for tortious discharge; unlawful employment practices under NRS 613.333; and negligent hiring, training, or supervision. Therefore, we grant in part and deny in part this petition for a writ of mandamus.

## FACTS AND PROCEDURAL HISTORY

Real party in interest James Roushkolb accepted a journeyman position with petitioner Freeman Expositions, dispatched through a union. While Roushkolb was tearing down a convention exhibit with another employee, a large piece of plexiglass fell and shattered. Following the incident, Freeman Expositions required Roushkolb to take a drug test, and Roushkolb tested positive for cannabis. A collective bargaining agreement provision related to drug and alcohol use provided for zero tolerance, and Freeman Expositions terminated Roushkolb and sent the union a letter stating Roushkolb was no longer eligible for dispatch to Freeman Expositions worksites. At the time, Roushkolb held a valid medical cannabis registry identification card issued by the State of Nevada.

Roushkolb filed suit, asserting five claims against Freeman Expositions: (1) unlawful employment practices under NRS 613.333; (2) tortious discharge; (3) deceptive trade practices; (4) negligent hiring, training, and supervision; and (5) violation of the medical needs of an employee pursuant to NRS 678C.850(3).[2] Freeman Expositions moved to

---

[2]After Roushkolb initiated his suit, the Legislature recodified NRS Chapter 453A as NRS Chapter 678C. *See generally* 2019 Nev. Stat., ch. 595, § 245, at 3896; 2019 Nev. Stat., ch. 595, § 83-171, at 3790-3834. While the

 

dismiss. The district court dismissed the claim for deceptive trade practices, allowing the others to proceed. Freeman Expositions petitioned for a writ of mandamus, seeking dismissal of the remaining claims. This court directed an answer from Roushkolb and allowed the Nevada Justice Association to appear as amicus curiae in support of Roushkolb.

## DISCUSSION

A writ of mandamus may be issued by this court to compel the performance of an act that the law requires or to control a district court's arbitrary or capricious exercise of discretion. NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This extraordinary relief may be available if a petitioner does not have a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. Whether to consider a writ petition is within this court's sole discretion. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Generally, this court will not consider a writ petition challenging an interlocutory order denying a motion to dismiss because an appeal from a final judgment is an adequate and speedy legal remedy. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558-59. "Nonetheless, we have indicated that we will consider petitions denying motions to dismiss when either (1) no factual dispute exists and the district court is obligated to dismiss an action pursuant to clear authority under a statute or rule, or (2) an important issue of law needs clarification and considerations of sound judicial economy and administration militate in favor of granting the petition." *Id.* at 197-98, 179 P.3d at 559; *see also Buckwalter v. Eighth*

---

parties discuss this claim under NRS Chapter 453A, the recodification did not substantially change the operative statutes at issue here, and we refer to the current codification.

*Judicial Dist. Court*, 126 Nev. 200, 201, 234 P.3d 920, 921 (2010) (explaining that this court may entertain writ petitions challenging an order denying a motion to dismiss when "the issue is not fact-bound and involves an unsettled and potentially significant, recurring question of law").

Freeman Expositions and Roushkolb both argue that this court should clarify Nevada's laws regarding medical cannabis in the employment context. We agree. We recently decided related employment issues concerning adult recreational cannabis in *Ceballos*, but that case did not present the question of whether employers must accommodate employees using medical cannabis. Although we recognize that Freeman Expositions has a legal remedy, judicial economy would be served by clarifying the recurring issues of statewide importance presented in this petition.

*The district court properly denied Freeman Expositions' motion to dismiss the claim under NRS 678C.850(3) but erred by not dismissing the claims for tortious discharge; violation of NRS 613.333; and negligent hiring, supervision, and training*

"Statutory interpretation is a question of law that [this court] review[s] de novo, even in the context of a writ petition." *Int'l Game Tech.*, 124 Nev. at 198, 179 P.3d at 559. Pursuant to NRCP 12(b)(5), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." A claim should be dismissed "only if it appears beyond a doubt that [the nonmoving party] could prove no set of facts, which, if true, would entitle it to relief," treating its factual allegations as true and drawing all inferences in its favor. *Buzz Stew, LLC v. City of North Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

*Whether NRS 678C.850(3) provides a private right of action*

Freeman Expositions argues that the district court should have dismissed Roushkolb's NRS 678C.850(3) claim alleging a violation of its duty to provide reasonable accommodations for his medical needs because

NRS Chapter 678C does not provide a private right of action. Freeman Expositions also argues that Roushkolb did not request an accommodation for his use of medical cannabis. Roushkolb did not address the accommodation issue before this court but argued below that he had sought the accommodation of not being terminated for using medical cannabis outside of the workplace during nonworking hours. He also argued below that NRS 678C.850 would be nullified if no private right of action were allowed because no administrative agency is empowered to enforce this protection.

Under NRS 678C.850, an employer need not allow the medical use of cannabis in the workplace or "modify the job or working conditions of a person who engages in the medical use of cannabis that are based upon the reasonable business purposes of the employer." NRS 678C.850(2)-(3). Nevertheless, an

> employer must attempt to make reasonable accommodations for the medical needs of an employee who engages in the medical use of cannabis if the employee holds a valid registry identification card, provided that such reasonable accommodation would not:
> (a) Pose a threat of harm or danger to persons or property or impose an undue hardship on the employer; or
> (b) Prohibit the employee from fulfilling any and all of his or her job responsibilities.

NRS 678C.850(3). The only employers exempted from this mandate are law enforcement agencies. NRS 678C.850(4). The statute does not expressly state that an employee has a private right of action should an employer not attempt to accommodate medical cannabis users. *See* NRS 678C.850.

Where a statute does not expressly provide a private right of action, it may nevertheless support an implied right of action if the

SUPREME COURT
OF
NEVADA

(O) 1947A

6

Legislature intended that a private right of action may be implied. *Neville v. Eighth Judicial Dist. Court*, 133 Nev. 777, 781, 406 P.3d 499, 502 (2017). To determine the Legislature's intent, we consider "(1) whether the plaintiffs are of the class for whose special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme." *Baldonado v. Wynn Las Vegas, LLC*, 124 Nev. 951, 958-59, 194 P.3d 96, 101 (2008) (cleaned up) (addressing factors set forth by the Supreme Court in *Cort v. Ash*, 422 U.S. 66, 78 (1975)). These factors are not necessarily dispositive, as the critical factor is whether the Legislature intended to sanction a private right of action. *See Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 15-16, 20 (1979) (concluding that whether a private remedy exists ultimately rests with legislative intent).

Looking to the Legislature's intent, we conclude that NRS 678C.850 provides an implied private right of action. First, Roushkolb is indeed part of the class for whose benefit the statute was enacted because Roushkolb held a valid medical cannabis registry card and was an employee of Freeman Expositions who sought to use medical cannabis. *See generally* NRS Chapter 678C (concerning decriminalizing medical cannabis, the process for lawful use, and the regulation of medical cannabis production and sales, among other miscellaneous provisions). Second, reviewing the legislative history, the Legislature added subsection NRS 678C.850(3) in 2013 and did not express an intention to create or deny a private remedy under the statute. 2013 Nev. Stat., ch. 547, § 24.3, at 3726. The Legislature, however, explained that it modeled the statute on Arizona's medical cannabis statutes, Hearing on S.B. 374 Before the Assemb. Comm.

on Judiciary, 77th Leg. (Nev., June 1, 2013), and a federal district court in Arizona concluded that the analogous Arizona law provided an implied cause of action because one was needed to implement the statutory directive, *Whitmire v. Wal-Mart Stores Inc.*, 359 F. Supp. 3d 761, 775-76 (D. Ariz. 2019). *See* 73 Am. Jur. 2d *Statutes* § 79 (Aug. 2022 update) (recognizing that a court may give decisions of another state's courts great weight in construing statutes modeled after those of that other state). And third, we conclude that implying a private cause of action to enforce NRS 678C.850 is consistent with the underlying purposes of NRS Chapter 678C. The Legislature enacted NRS Chapter 678C to enforce the Nevada Constitution, *see* Nev. Const. art. 4, § 38(1), and to allow Nevadans who suffer from certain medical conditions to be able to obtain medical cannabis safely and conveniently, *see* NRS 678A.005(2). NRS Chapter 678C provides that the Division of Public and Behavioral Health of the Department of Health and Human Services is tasked with enforcing many provisions, but the chapter is silent as to enforcement regarding employment issues arising out of NRS 678C.850. Further, we find no other statute that provides medical cannabis users with a cause of action against an employer who violates the directive of NRS 678C.850(3). In light of these considerations, we conclude that the Legislature intended to provide a private right of action to implement its mandate in NRS 678C.850(3).

Other jurisdictions have determined that similar statutes directing employers to accommodate employees using medical cannabis provide a private cause of action, even where the legislators did not include such a remedy in the statutory scheme. *Cf. City of Las Vegas v. Cliff Shadows Prof'l Plaza, LLC*, 129 Nev. 1, 9 n.4, 293 P.3d 860, 865 n.4 (2013) (looking to the decisions of other jurisdictions when confronting matters of

first impression). As previously indicated, a federal district court in Arizona concluded that there was an implied private right of action in Arizona's medical cannabis antidiscrimination statute. *Whitmire*, 359 F. Supp. 3d at 781. That court specifically observed that the employee fell within the class sought to be protected by the statute, there was no indication of legislative intent to deny a remedy, and implying a private cause of action would give force to the public policy sought to be advanced by the statutory scheme. *Id.* In *Palmiter v. Commonwealth Health Systems, Inc.*, 260 A.3d 967 (Pa. Super. Ct. 2021), an intermediate Pennsylvania appellate court held that that state's legislature intended to provide an implied private cause of action for the employment-discrimination prohibition in the state's medical cannabis statutes. *Id.* at 975-76. Though the statutes did not state an explicit remedy, the court looked to "the mischief to be remedied, the object to be obtained, and the consequences of a particular interpretation" and concluded that a private right of action was implied to implement "a public policy designed to protect certified users of medical marijuana from employment discrimination and termination." *Id.* at 976-77. And a federal district court in Connecticut performed a comparable analysis and likewise concluded that that state's medical cannabis statute provided an implied private right of action. *Noffsinger v. SSC Niantic Operating Co.*, 273 F. Supp. 3d 326, 338-40 (D. Conn. 2017). In line with these other jurisdictions, we find an implied right of action under NRS 678C.850, where an employer does not follow the Legislature's directive that an employer must attempt to accommodate an employee who uses medical cannabis, unless certain

exceptions apply.[3]  Accordingly, Freeman Expositions has not shown that writ relief is warranted to remedy the district court declining to dismiss this claim.

*Tortious discharge claim*

Freeman Expositions next argues the district court should have dismissed Roushkolb's claim for tortious discharge because an at-will employee can generally be terminated for any reason, unless the dismissal offends strong and compelling public policy, which Freeman Expositions asserts does not exist here.[4]  Roushkolb counters that his tortious discharge claim was properly allowed to proceed because allowing an employer to terminate employees using medical cannabis outside of the workplace offends public policy.  He asserts that employees will be forced to choose between employment or medical care if employees are denied the protections of Nevada's medical cannabis laws.

An employer commits tortious discharge if they terminate an employee for reasons that violate public policy.  *D'Angelo v. Gardner*, 107 Nev. 704, 712, 819 P.2d 206, 212 (1991).  "[T]ortious discharge actions are

---

[3]We are not presented here with resolving what an employer must do to satisfy its obligation to "attempt to make reasonable accommodations for the medical needs of an employee who" uses medical cannabis.

[4]Freeman Expositions' arguments based on the at-will doctrine are misplaced.  While employees in Nevada are rebuttably presumed to be at-will and subject to termination "at any time and for any reason or no reason," *Martin v. Sears, Roebuck & Co.*, 111 Nev. 923, 926-27, 899 P.2d 551, 553-54 (1995), we have recognized that "the type of employment—either at-will or by contract—is immaterial to a tortious discharge action," *Allum v. Valley Bank of Nev.*, 114 Nev. 1313, 1317, 970 P.2d 1062, 1064 (1998).  Further, Roushkolb's employment was governed by a collective bargaining agreement that provided the employer the right to issue a disciplinary letter of no dispatch for cause.

severely limited to those rare and exceptional cases where the employer's conduct violates strong and compelling public policy." *Sands Regent v. Valgardson*, 105 Nev. 436, 440, 777 P.2d 898, 900 (1989). Where the Legislature has provided an employee with a statutory remedy, that remedy will be instructive as to whether the public policy at issue rises to the level of supporting a claim for tortious discharge. *Id.* This court has recognized three instances where an employer violated "strong and compelling public policy": (1) when an employee was terminated for refusing to engage in unlawful conduct, *Allum*, 114 Nev. 1313, 970 P.2d 1062; (2) when an employee was terminated for refusing to work in unreasonably dangerous conditions, *D'Angelo*, 107 Nev. 704, 819 P.2d 206; and (3) when an employee was terminated for filing a workers' compensation claim, *Hansen v. Harrah's*, 100 Nev. 60, 675 P.2d 394 (1984).[5] Conversely, this court has rejected other claims even though the employers allegedly violated public policy created by the Nevada Legislature. *See, e.g.*, *Chavez v. Sievers*, 118 Nev. 288, 293-94, 43 P.3d 1022, 1025-26 (2002) (declining to recognize a public policy exception to the at-will doctrine for a racial discrimination claim against a small employer not subject to Nevada anti-discrimination laws); *Sands Regent*, 105 Nev. at 439-40, 777 P.2d at 899-900 (declining to allow an employee to recover under a tortious discharge theory for age discrimination).

Here, the use of medical cannabis distinguishes these facts from our recent analysis regarding an employee fired for using recreational

---

[5]In dicta, we have also endorsed tortious discharge claims when employees were terminated for reporting an employer's illegal activities to the authorities and for performing jury duty. *Ceballos*, 138 Nev., Adv. Op. 58, 514 P.3d at 1078 (collecting cases).

cannabis. In *Ceballos*, we explained that the appellant did not have a claim for tortious discharge because in NRS 678D.510(1)(a), the Legislature expressly permitted employers to maintain and enact policies prohibiting or restricting their employees from using recreational cannabis. 138 Nev., Adv. Op. 58, 514 P.3d at 1079 (discussing NRS 678D.510(1)(a)). In contrast here, the Legislature has provided that employers, except law enforcement agencies, "must attempt to make reasonable accommodations" for employees who use medical cannabis outside of the workplace. *See* NRS 678C.850(3). Thus, while Nevada public policy supports safe and reasonable access to both medical and recreational cannabis, *see* NRS 678A.005(2)(a), (b), the Legislature provided specific protections for employees using medical cannabis that it did not for those using recreational cannabis. Public policy thus supports broader protections for medical cannabis.

Nevertheless, the Legislature set forth the means by which employers and employees should negotiate an employee's medical cannabis use by providing that employers must attempt to accommodate the employee. NRS 678C.850(3). The remedy it provided shows that medical cannabis users are protected in employment, but only to the extent that employers must *attempt* to accommodate their medical needs. This prohibition against employment discrimination is qualified and does not mandate a particular response by employers. Therefore, the public policy protected here is not so strong and compelling as to support a claim for tortious discharge, particularly where an employee may seek recourse through a private cause of action under NRS 678C.850(3). *See Noffsinger*, 273 F. Supp. 3d at 340-41 (concluding that Connecticut medical cannabis statutes implied a private right of action for employment discrimination and

rejecting a public policy tort claim as precluded by the private right of action). Accordingly, we conclude that Freeman Expositions has shown that writ relief is warranted as to Roushkolb's tortious discharge claim.

*Unlawful employment practices under NRS 613.333*

Freeman Expositions next argues the district court should have dismissed Roushkolb's NRS 613.333 claim alleging unlawful employment practices because the statute does not protect an employee's use of medical cannabis. Roushkolb and amicus counter that NRS 613.333 protects medical cannabis users in employment contexts because medical cannabis is a lawful product in Nevada.

NRS 613.333 provides employment protections for the lawful use of products outside of the workplace. Pursuant to NRS 613.333(1),

> [i]t is an unlawful employment practice for an employer to ... [d]ischarge ... any employee ... because the employee engages in the lawful use in this state of any product outside the premises of the employer during the employee's nonworking hours, if that use does not adversely affect the employee's ability to perform his or her job or the safety of other employees.

An employee who is discharged in violation of this protection may bring a civil action against the employer. NRS 613.333(2).

In *Ceballos*, we interpreted NRS 613.333 and clarified that recreational cannabis use is not covered by this statute because cannabis possession remains illegal under the federal Controlled Substances Act. *Ceballos*, 138 Nev., Adv. Op. 58, 514 P.3d at 1077-78; *cf.* 21 U.S.C. § 844(a); 21 C.F.R. § 1308.11(d)(23). "Lawful use in this state" means lawful under

 

all law applicable in Nevada, including state and federal laws.[6] *Ceballos*, 138 Nev., Adv. Op. 58, 514 P.3d at 1078. Because medical cannabis possession remains illegal under federal law, we extend our interpretation of NRS 613.333 to also apply to medical cannabis use. Therefore, we conclude that NRS 613.333 does not provide a basis for a claim that alleges employment discrimination for the use of medical cannabis as a product lawfully used outside of the workplace. Accordingly, Roushkolb could not state a claim on this basis, and Freeman Expositions has shown that writ relief is warranted as to Roushkolb's NRS 613.333 claim.

*Negligent hiring, training, and supervision claim*

Lastly, Freeman Expositions argues the district court erred by failing to dismiss Roushkolb's negligent hiring, training, and supervision claim because there is no duty for employers to train employees on medical cannabis laws and standards.[7] Roushkolb counters that Freeman Expositions was negligent because it did not properly train its employees on medical cannabis and workplace rights.[8]

---

[6]We observe that Roushkolb's position would require NRS 613.333(1) to protect lawful use *under Nevada law*. *See Ceballos*, 138 Nev., Adv. Op. 58, 514 P.3d at 1078.

[7]Freeman Expositions also argues that NRS 613.330-.435 preempts negligence claims alleging unlawful employment practices. We need not reach whether medical cannabis use constitutes a "disability" within the meaning of NRS 613.330 because Roushkolb alleged negligence, not discrimination, in this claim.

[8]Roushkolb also argues that this negligence claim was based on workplace safety issues related to the initial incident. We agree with Freeman Expositions that such a workplace safety issue is preempted by the Nevada Industrial Insurance Act. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 732, 121 P.3d 1026, 1031 (2005) (explaining that the Nevada Industrial Insurance Act "provides the exclusive remedy for employees injured on the

"The tort of negligent hiring imposes a general duty on the employer to conduct a reasonable background check on a potential employee to ensure that the employee is fit for the position." *Hall v. SSF, Inc.*, 112 Nev. 1384, 1392, 930 P.2d 94, 98 (1996) (internal quotation marks omitted). Beyond hiring, an employer also "has a duty to use reasonable care in the training, supervision, and retention of [its] employees to make sure the employees are fit for their positions." *Id.* at 1393, 930 P.2d at 99. To establish a claim for negligent hiring, training, retention, or supervision of employees, a plaintiff must show (1) a duty of care defendant owed the plaintiff; (2) breach of "that duty by hiring, training, retaining, and/or supervising an employee even though defendant knew, or should have known, of the employee's dangerous propensities; (3) the breach was the cause of plaintiff's injuries; and (4) damages." *Peterson v. Miranda*, 57 F. Supp. 3d 1271, 1280 (D. Nev. 2014).

Roushkolb alleged Freeman Expositions breached its duties "to not hire individuals with a propensity of committing unlawful acts against" him and to train and supervise its employees regarding medical cannabis laws and termination procedures.[9] Roushkolb did not allege that Freeman Expositions failed to properly screen employees it hired, that it failed to ensure that employees were suitable for their positions, or that it knew or

---

job, and an employer is immune from suit by an employee for injuries arising out of and in the course of the employment" (internal quotation marks omitted)).

[9]To the extent that Roushkolb argues that Freeman Expositions owed him a duty to train other employees regarding medical cannabis law, he has not supported that contention with cogent argument or relevant authority, and we decline to address it. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006).

should have known about an employee's dangerous propensities. A claim for negligent hiring, training, or supervision contemplates liability for an employer based on injuries caused by a negligently managed employee. *See* Restatement of Employment Law § 4.04 (Am. Law Inst. 2015) ("Except to the extent precluded by a workers'-compensation statute or other law, an employer is subject to liability for the harm caused an employee by negligence in selecting, retaining, or supervising employees or agents whose tortious acts resulted in the harm."). Insofar as Roushkolb alleges wrongful conduct, the wrong perpetrated, if any, lies in his being terminated for using medical cannabis. That is, it relates to the conduct of the employer, not another employee, and so does not support a claim for negligent hiring, training, or supervision. Accordingly, Roushkolb has failed to state a claim for negligent hiring, training, or supervision upon which relief may be granted. Therefore, Freeman Expositions has shown that writ relief is appropriate in this regard.

## CONCLUSION

The Legislature has enacted a statutory scheme permitting and regulating the use of medical cannabis. As part of these statutes, it has provided that employers generally "must attempt to make reasonable accommodations for the medical needs of" employees who use medical cannabis outside of the workplace. NRS 678C.850(3). Having considered the public policy that the Legislature sought to advance in the medical cannabis statutes, we conclude that NRS 678C.850(3) provides an employee with a private right of action where an employer does not attempt to provide reasonable accommodations for the use of medical cannabis off-site and outside of working hours. In light of the private right of action under NRS 678C.850 that an employee may exercise, we conclude that an employee may not assert a claim for tortious discharge for violating public policy

concerning the use of medical cannabis. And we also conclude that an employee who uses medical cannabis may not bring a claim against an employer under NRS 613.333 and that the real party in interest here has failed to state a claim for negligent hiring, training, or supervision. We therefore conclude that the district court properly declined to dismiss real party in interest's claim under NRS 678C.850(3) but erred by not dismissing the claims for tortious discharge; unlawful employment practices under NRS 613.333; and negligent hiring, training, or supervision. Therefore, we grant mandamus relief in part and deny it in part, and we direct the clerk of this court to issue a writ of mandamus directing the district court to grant Freeman Expositions' motion to dismiss with respect to the claims for tortious discharge; unlawful employment practices under NRS 613.333; and negligent hiring, training, or supervision.

_____, J.
Stiglich

We concur:

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon