NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>NATIONSTAR MORTGAGE, LLC, DBA Mr. Cooper,<br><br>Defendant-Appellee. | No. 23-15380<br><br>D.C. No.<br>3:22-cv-00128-MMD-CLB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted February 7, 2024[**]
San Francisco, California

Before: R. NELSON, FORREST, and SANCHEZ, Circuit Judges.

SFR Investments Pool 1, LLC (SFR) appeals the district court's dismissal of its complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a district court's dismissal of a complaint for failure to state a claim. *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021). In reviewing a motion to dismiss, "[w]e accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Id.* (alteration in original) (quoting *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019)). A complaint cannot "survive a motion to dismiss unless it 'contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093, 1104 (9th Cir. 2020) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**1. *Private Right of Action.*** SFR contends that it has a private right of action to contest Nationstar Mortgage, LLC's (Nationstar) failure—under Nevada Revised Statutes § 107.260—to provide a requested copy of the promissory note secured by property SFR owns. We disagree. Under Nevada law, a plaintiff may only pursue claims under a statute if the statute creates an express or implied private right of action. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100 (Nev. 2008) (en banc). An express private right of action exists where a statute "expressly state[s]"

that a private litigant "has a . . . right of action" to pursue a specific claim. *Freeman Expositions, LLC v. Eighth Jud. Dist. Ct.*, 520 P.3d 803, 808 (Nev. 2022) (en banc). "[I]n the absence of plain, clear language [creating a private right of action], we examine the entire statutory scheme, reason, and public policy" to determine whether the legislature intended to imply a cause of action. *Baldonado*, 194 P.3d at 101. The following three factors guide us in ascertaining the legislature's intent: "(1) whether the plaintiffs are of the class for whose . . . special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative [sch]eme." *Id.* (alteration in original) (internal quotation marks omitted) (citation omitted). These "three factors are not necessarily entitled to equal weight" as "the determinative factor is always whether the [l]egislature intended to create a private judicial remedy." *Id.*

Here, section 107.300 provides the remedial scheme for a deed of trust beneficiary's failure to deliver requested statements concerning the debt. Specifically, section 107.300 expressly provides a private right of action for violations of sections 107.200 and 107.210 but is silent as to section 107.260. Section 107.300 therefore cannot provide an express right of action for failure to deliver the promissory note. Moreover, the three factors weigh against recognizing an implied right of action. First, although successors in interest, like SFR, would

3

benefit from a right of action, section 107.300 does not demonstrate a legislative intent to grant them a private right to receive a copy of the promissory note. *See id.* at 101 n.12. Second, the legislative history demonstrates that the Nevada legislature's focus, when enacting the statutory scheme, was on ensuring that beneficiaries provide authorized requesters with *statements* about the status of the debt—not copies of the promissory note. *See, e.g.*, *Minutes of the S. Comm. on Judiciary*, 1995 Leg., 68th Sess. 2621 (Nev. 1995) (proponent stating that "the bill [is] designed to require the holders of . . . deeds of trust to issue statements relating to the status of the loans, based on requests from specific groups or individuals"). Third, for the same reason, implying a private cause of action is inconsistent with the legislative scheme. The Nevada legislature, in section 107.300, created an express remedy for a beneficiary's willful failure to provide a statement specified under section 107.200 or 107.210 when requested. The legislature, however, excluded section 107.260 addressing requests for promissory notes from the remedial scheme. *See id.* The Nevada Supreme Court has cautioned courts against recognizing a private cause of action for violations of a statute where, as here, the legislature has expressly created a right of action for other sections in the same chapter. *See Baldonado*, 194 P.3d at 104 n.33.

  **2. *Sufficiency of Factual Allegations.*** SFR next argues that the district court erred in dismissing its claims against Nationstar for violations of sections 107.200

and 107.210 because SFR's complaint contained insufficient factual allegations. We agree with the district court that the complaint does not adequately allege in what way Nationstar's response was incomplete. We agree with SFR, however, that the complaint sufficiently pleads that Nationstar willfully sent an untimely response in violation of sections 107.200 and 107.210.

Section 107.300(1) provides that "[a] beneficiary who willfully fails to deliver a statement requested pursuant to [section] 107.200 or 107.210 within 21 days after it is requested is liable to the person who requested the statement in an amount of $300 and any actual damages suffered by the person who requested the statement." "[W]illfully" is defined as "an intentional failure to comply with the requirements of [section] 107.200 or 107.210 without just cause." § 107.300(3).

In its complaint, SFR alleged that it is an authorized requester as a successor in interest; that Nationstar is the beneficiary of the deed of trust on property owned by SFR; that SFR requested statements under sections 107.200 and 107.210; and that Nationstar's response to SFR's request was untimely. SFR further alleged that Nationstar, after receiving SFR's request, mailed SFR a letter stating that Nationstar would respond to the request *after* the 21-day deadline and then followed through with its plan. In other words, SFR alleged that from the outset Nationstar intended not to comply with the response deadline imposed by the statute without just cause.

Thus, SFR sufficiently alleged that Nationstar willfully failed to timely deliver the requested statements.[1]

**AFFIRMED in part, REVERSED in part, and REMANDED**.

---

[1]While Nationstar argues that none of SFR's damages allegations are based on the untimeliness (as opposed to incompleteness) of Nationstar's response, this argument ignores that SFR also requests statutory and actual damages for Nationstar's failure to comply with the statutory requirements, including the 21-day deadline.