142 Nev., Advance Opinion 13

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CITY OF RENO, A MUNICIPAL CORPORATION OF THE STATE OF NEVADA, Petitioner, vs. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE; AND THE HONORABLE KATHLEEN M. DRAKULICH, DISTRICT JUDGE, Respondents, and ROBERT CONRAD, Real Party in Interest. | No. 89905 |



FILED

FEB 26 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of mandamus seeking to vacate an ex parte alternative writ of mandamus.

*Petition granted.*

Karl S. Hall, City Attorney, and Mark W. Dunagan, Deputy City Attorney, Reno,
for Petitioner.

Luke A. Busby, Reno,
for Real Party in Interest.

---

BEFORE THE SUPREME COURT, PARRAGUIRRE, BELL, and STIGLICH, JJ.

 

26-08992

*OPINION*

By the Court, STIGLICH, J.:

In this opinion, we consider when an individual requesting public records pursuant to the Nevada Public Records Act (NPRA) may seek an ex parte writ of mandamus to compel the disclosure of those records. It is well established that a party may challenge the denial of a records request by petitioning for a writ of mandamus in district court. *City of Sparks v. Reno Newspapers, Inc.*, 133 Nev. 398, 399-400, 399 P.3d 352, 355 (2017). In this case, however, real party in interest Robert Conrad sought and was issued an ex parte alternative writ of mandamus by the district court compelling petitioner City of Reno to produce certain police records or to show cause why the compelled production was not warranted. The district court did not address why Conrad's petition required ex parte practice before granting the alternative writ. The City then petitioned this court for writ relief from the ex parte writ.[1]

We hold that, before issuing an ex parte writ of mandamus, a district court must address why regular inter partes procedure is inadequate. A district court that does not consider why ex parte practice is appropriate abuses its discretion in issuing the writ. As the district court did not specify why Conrad could not avail himself of the routine NPRA process, and as Conrad provided no evidence suggesting that the NPRA process did not work for this case, we conclude that the court manifestly

---

[1]The City titled its petition to this court as seeking a writ of prohibition, but in the interest of judicial economy, we construe the City's petition as a petition for a writ of mandamus, which we believe is a more appropriate form of relief. *Budget Rent-A-Car v. Eighth Jud. Dist. Ct.*, 108 Nev. 483, 484, 835 P.2d 17, 18 (1992).

  

abused its discretion in granting the ex parte writ of mandamus. Accordingly, we grant the City's petition for a writ of mandamus and direct the district court to vacate its alternative writ.

## FACTUAL AND PROCEDURAL HISTORY

Conrad, a journalist, requested the internal affairs records of a former Reno police officer pursuant to the NPRA. After the City denied his records request multiple times, Conrad petitioned the district court for a writ of mandamus to compel the City to produce the records. Rather than petition the court through routine inter partes procedure, which would require that the City be provided notice and an opportunity to be heard before the court ruled on the matter, Conrad specifically sought an ex parte alternative writ under NRS 34.200, attaching to the petition a blank certificate of service.[2] On the same day that the petition was filed, and before requesting any input from the City, the district court found that the requested writ was "necessary" and issued an ex parte alternative writ of mandamus ordering the City to either allow Conrad to access the requested records or show cause at a hearing in 20 days as to why Conrad's requested relief was not warranted. Nothing in the district court order indicated why ex parte relief was warranted. The alternative writ was personally served on the City, and at the hearing, the City obtained a continuance to allow it time to seek relief from this court. The City then petitioned this court for writ relief.

---

[2]The district court docket entries reflect that Conrad mailed a copy of the ex parte petition to the City immediately after it was filed, and the City states that it received the petition approximately 3 days later.

## DISCUSSION

*Entertaining the petition is warranted*

The City asks us to consider writ relief because this case presents a serious issue regarding when a district court may issue ex parte writs of mandamus. In light of the significance of this issue and because the ex parte writ is not appealable pursuant to NRAP 3A(b), we agree that our consideration of the petition is appropriate.

We have complete discretion when considering whether to entertain a petition for writ relief on the merits. *NuVeda, LLC v. Eighth Jud. Dist. Ct.*, 137 Nev. 533, 534, 495 P.3d 500, 502 (2021). We may do so "if a petitioner does not have a plain, speedy, and adequate remedy in the ordinary course of law." *Freeman Expositions, LLC v. Eighth Jud. Dist. Ct.*, 138 Nev. 775, 777, 520 P.3d 803, 807 (2022); *see* NRS 34.170. We also may entertain a petition to clarify an important issue of law while promoting judicial economy. *Freeman Expositions*, 138 Nev. at 777, 520 P.3d at 807.

Here, the City has no plain, speedy, and adequate remedy at law, as an alternative writ of mandamus is not an appealable order. *See* NRAP 3A(b) (setting forth appealable orders); *City of North Las Vegas v. Eighth Jud. Dist. Ct.*, 122 Nev. 1197, 1203, 147 P.3d 1109, 1114 (2006) (explaining that appeals from mandamus proceedings may be taken according to the rules of appellate procedure). Additionally, clarifying when a district court may grant an ex parte writ of mandamus will serve judicial economy by ensuring that district courts engage in ex parte proceedings only in appropriate circumstances. We thus elect to entertain this petition.

 

*A district court abuses its discretion if it does not consider why ex parte practice is warranted*

The City argues that the district court erred in issuing the writ of mandamus ex parte because ex parte actions are appropriate only in emergency situations. Conrad responds that the writ of mandamus statute, NRS 34.200, entitles him to seek an ex parte writ without limitation.

Because writ relief is an essential aspect of the public records request process, we begin our analysis with the NPRA. The NPRA requires governmental entities to provide a requesting person with copies of "all public books and public records," subject to certain exceptions. NRS 239.010. If a request is denied, the requesting party may petition a district court to order the governmental entity to provide a copy of the record. NRS 239.011. The district court, in turn, may issue a writ of mandamus to compel production. *DR Partners v. Bd. of Cnty. Comm'rs*, 116 Nev. 616, 621, 6 P.3d 465, 468 (2000). The district court must hold a hearing before issuing a peremptory writ of mandamus. NRS 34.190.

Separately, a district court may also issue, ex parte, an alternative writ of mandamus. NRS 34.200. An alternative writ compels a party to either perform some act or show cause at a hearing why the party has not done so. NRS 34.190. Although there is no statutory limitation on the court's authority to issue an ex parte alternative writ of mandamus, *see generally* NRS 34.200, a district court must nevertheless prudently exercise its discretion in issuing mandamus relief, *see Kay v. Nunez*, 122 Nev. 1100, 1105, 146 P.3d 801, 805 (2006) (reviewing a district court's writ of mandamus for abuse of discretion).

Here, the district court issued an ex parte alternative writ of mandamus before the City had received notice of the petition and without affording it an opportunity to respond, compelling the City to convey the

disputed records to Conrad or show cause why it should not do so. As we have not previously addressed the propriety of issuing an ex parte writ of mandamus, we turn to other circumstances in which ex parte relief is permitted.

*Ex parte practice is generally permissible only in exceptional circumstances*

A general rule of Nevada's civil procedure is that motions affecting "the rights of another . . . must be made on notice even where no rule expressly requires notice." *Maheu v. Eighth Jud. Dist. Ct.*, 88 Nev. 26, 34, 493 P.2d 709, 714 (1972). This ensures "an orderly, fair and impartial hearing" by giving "the defendant a reasonably sufficient opportunity to [prepare]." *Farnow v. Eighth Jud. Dist. Ct.*, 64 Nev. 109, 126, 178 P.2d 371, 379 (1947). Similarly, defendants are usually afforded an opportunity to be heard so that they can give the court "meaningful input in the adjudication of [the defendants'] rights." *Eureka Cnty. v. Seventh Jud. Dist. Ct.*, 134 Nev. 275, 280, 417 P.3d 1121, 1125 (2018).

Despite the general requirement of notice and an opportunity to be heard, ex parte motions "are frequently and commonly permitted" in Nevada civil procedure. *Farnow*, 64 Nev. at 118, 178 P.2d at 375. But ex parte motions that affect a party's rights are only allowed in reaction to extenuating circumstances. For instance, a court may issue an ex parte temporary restraining order, but only if it finds that there are "specific facts" that "clearly show that immediate and irreparable injury, loss, or damage will result . . . before the adverse party can be heard in opposition." NRCP 65(b)(1)(A). Similarly, a court may issue a temporary order for protection against workplace harassment without giving the alleged harasser an opportunity to be heard, but only if the court finds that an immediate or irreparable injury will result before the alleged harasser can

oppose. NRS 33.270(4). Further still, a court must issue an ex parte emergency order for protection if it finds an imminent risk of injury created by an individual engaging in high-risk behavior with a firearm and less restrictive options have either "been exhausted or are not effective." NRS 33.570(1).

Other statutory schemes impose heightened requirements for ex parte writs. Take, for instance, writs of attachment. District courts may issue ex parte writs of attachment only in certain enumerated circumstances. NRS 31.017. Those circumstances include actions against out-of-state residents, against foreign corporations, or in cases where the plaintiff is seeking the return or value of wrongfully taken personal property. NRS 31.017(1), (3). A district court may also issue an ex parte writ of attachment if a plaintiff demonstrates that a defendant is about to remove money or property from Nevada or if the defendant is about to give away money and the remaining money would be "insufficient to satisfy the plaintiff's claim." NRS 31.017(4)-(5). Essentially, a district court may issue an ex parte writ only when attachment is necessary to keep assets within the state or to recover personal property before a hearing can be held. *See id.*

Although we do not recite every instance where ex parte practice is permitted, our review shows that ex parte practice is only allowed in circumstances when regular inter partes proceedings are inadequate. Because ex parte practice disadvantages the opposing party, we limit its use to instances where harm is imminent and relief is needed before notice and an opportunity to be heard may be provided to the opposing party.

*Ex parte alternative writs may only be issued in exceptional circumstances*

We acknowledge that our caselaw regarding ex parte practice in traditional civil proceedings does not directly apply to alternative writ proceedings. Unlike the ex parte practice surveyed above, alternative writs are not strictly a form of emergency relief. Instead, alternative writ proceedings are basically a modified version of regular civil proceedings with one key difference: the show-cause hearing. If a court issues an ex parte alternative writ, the opposing party receives a chance at a show-cause hearing to articulate why it should not conform its conduct as ordered; in regular emergency civil proceedings, an opposing party must abide by the ex parte order until or unless the order is vacated. *Compare* NRS 34.190-34.200 (requiring alternative writs of mandamus to include a show-cause hearing and stating that only alternative writs can be issued ex parte), *with, e.g.*, NRCP 65(b)(3)-(4) (allowing an unnoticed party subject to a TRO to move to dissolve the TRO after it was entered). Because the show-cause hearing offers a party opposing an alternative writ an opportunity to be heard before it must comply, our concerns about fairness are partly ameliorated.

Nevertheless, we hold that alternative writs are still subject to our typical civil procedure, notice-and-opportunity-to-be-heard caselaw. Although the show-cause hearing allows an opposing party to be heard before the writ's mandate takes effect, the opposing party is more disadvantaged at the show-cause hearing than it otherwise would be. A district court must first find a prima facie case for relief before issuing an ex parte alternative writ. *See State ex rel. Piper v. Gracey*, 11 Nev. 223, 232-34 (1876) (holding that a writ must "state[ ] facts sufficient to entitle the [petitioner] to the relief which he seeks"). The alternative writ then serves

Supreme Court
OF
Nevada

(O) 1947A

8

two functions. First, it "command[s] [the opposing] party, immediately after the receipt of the writ . . . to do the act required to be performed." NRS 34.190(2). This disadvantages the opposing party, which is ordered to perform an act without any pre-show-cause-hearing opportunity to object. Second, and alternatively, the alternative writ functions as a summons for the show-cause hearing. 52 Am. Jur. 2d *Mandamus* § 364 (2021); *see also State ex rel. Hunt v. Okanogan County*, 280 P. 31, 40 (Wash. 1929) (holding the same). Should the opposing party decline to do the required act and choose instead to attend the show-cause hearing, "the burden is cast upon the [opposing party] to proceed and show to the satisfaction of the court why [it] has not performed the act demanded." *Dare v. Bd. of Med. Exam'rs*, 136 P.2d 304, 308 (Cal. 1943).[3] Thus, although the opposing party will be heard, the burden is shifted against the opposing party at that hearing. Both outcomes place the opposing party in a worse situation than it would have been in before the alternative ex parte writ was issued. We hold that these

---

[3]Although we have not previously opined on this issue, we find compelling the *Dare* court's articulation of how alternative writs function, and we join other jurisdictions in holding that after the district court issues an alternative writ, the opposing party has the initial burden at the show-cause hearing. *See, e.g.*, *Gilliam v. State*, 996 So. 2d 956, 958 (Fla. Dist. Ct. App. 2008) ("Once an alternative writ has issued, the burden is on the respondent to come forward with the facts it contends support its refusal to perform its legal duty."). This, of course, does not obviate the petitioner's ultimate burden of showing that writ relief is warranted. *See Cal. Corr. Peace Officers Ass'n v. State Pers. Bd.*, 899 P.2d 79, 92 (1995) (in an alternative writ proceeding, "the petitioner bears the burden of proving the truth of those allegations"); *see also Pan v. Eighth Jud. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (holding that all writ petitioners "carry the burden of demonstrating that extraordinary relief is warranted"); *Pac. Live Stock Co. v. Malone*, 53 Nev. 118, 294 P. 538, 540 (1931) (dismissing a petition for an alternative writ that did not "state facts sufficient to . . . constitute a cause of action").

disadvantages implicate the same notions of fairness that undergird our notice and opportunity-to-be-heard requirements in other civil proceedings. In line with our other ex parte jurisprudence, the district court should only issue an ex parte alternative writ when circumstances show that the petitioner's needs must be met before noticing the opposing party and providing an opportunity to be heard.

We thus hold that the issuance of ex parte alternative writs should adhere to our regular notice and opportunity-to-be-heard jurisprudence. That is to say, a district court may issue an ex parte alternative writ of mandamus, but only if it finds that the circumstances specifically merit ex parte relief. A district court that acts otherwise abuses its discretion. Particularly in contexts like the NPRA, where proceedings on an application for a writ of mandamus already receive priority over other civil proceedings, a district court must consider why the standard inter partes process is inadequate to meet a party's needs.

*The district court manifestly abused its discretion in granting Conrad an ex parte writ of mandamus*

Having held that district courts must find that ex parte relief is appropriate before issuing ex parte alternative writs of mandamus, we now examine whether the district court did so in this case. The City challenges the district court's exercise of its discretion in issuing the ex parte writ.

A district court has discretion in deciding whether to grant mandamus relief. *Kay*, 122 Nev. at 1105, 146 P.3d at 805. We issue writs of mandamus to constrain a district court's discretionary action only when the district court manifestly abuses its discretion or acts arbitrarily or capriciously. *Nester v. Eighth Jud. Dist. Ct.*, 141 Nev., Adv. Op. 4, 562 P.3d 1071, 1074 (2025). A manifest abuse of discretion is a "clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule."

(O) 1947A

*State v. Eighth Jud. Dist. Ct. (Armstrong)*, 127 Nev. 927, 932, 267 P.3d 777, 780 (2011) (citation modified). A district court exercises its discretion arbitrarily or capriciously if its decision is "founded on prejudice or preference rather than on reason" or "contrary to the evidence or established rules of law." *Id.* at 931-32, 267 P.3d at 780 (citation modified).

Although we clarify today what a district court must consider when issuing an ex parte alternative writ of mandamus, we stress that our holding today is not novel. Over 50 years ago, we declared that it was "settled law" that a party must give notice to the opposing party except in "extraordinary situations." *Maheu*, 88 Nev. at 34, 493 P.2d at 714. We have clearly and consistently expressed our reluctance to permit district courts to issue orders without affording a party an opportunity to be heard from as early as 1871. *Pratt v. Rice*, 7 Nev. 123, 126-27 (1871). It is a policy preference that extends to writ proceedings as well, as they are essentially civil actions. *Flanigan v. Burrit*, 41 Nev. 504, 507, 173 P. 352, 353 (1918); *see also* NRS 34.300 (providing that the NRCP generally governs mandamus proceedings unless writ statutes prescribe otherwise). Even granting that alternative writs occupy a unique space in our jurisprudence, our caselaw disfavoring ex parte practice is so well established that we hold that a district court's failure to consider the propriety of ex parte practice before issuing an ex parte alternative writ constitutes a manifest abuse of discretion.

Accordingly, we hold that the district court manifestly abused its discretion in issuing the ex parte writ. In its order issuing the writ, the district court did not explain why ex parte practice was appropriate. Nor did the district court address why inter partes practice was insufficient to meet Conrad's needs. The district court included only a cursory statement

"that the issuance of an alternative writ is necessary." That is insufficient to justify issuing an ex parte writ in this instance.

Our own review of the record further confirms our holding. In other situations where ex parte relief is allowed, parties must explain their efforts to provide notice to the other party and articulate why the circumstances merit waiving notice and an opportunity to be heard. *See, e.g.*, NRS 33.270(4)(b); NRCP 65(b)(1)(B). At this stage in the litigation, Conrad and the City had gone back and forth multiple times about the disclosure of these documents. Conrad knew the identity of opposing counsel, knew how to contact counsel, and offered no justification for his failure to do so. We conclude that the circumstances of this case do not justify Conrad's departure from regular civil practice.

Our holding should not be read to preclude a district court from issuing an ex parte alternative writ of mandamus to compel the production of public records. District courts may do so, but they must first consider why ex parte relief is warranted and why the expedited NPRA process would not address the petitioner's needs.

## CONCLUSION

We hold that a district court must specifically find ex parte relief is warranted before issuing an ex parte alternative writ of mandamus. In the context of the NPRA, this requires a finding that the ordinary, expedited proceedings do not adequately address the petitioner's needs. Absent such circumstances, the opponent to a petition for mandamus seeking to compel public records should be afforded proper notice and an opportunity to respond to the petition before the issuance of any writ. As the district court did not make a finding warranting ex parte procedures in this case, it manifestly abused its discretion in issuing an ex parte writ. Accordingly, we grant the City's petition and direct the clerk of this court to

issue a writ of mandamus directing the district court to vacate its alternative writ of mandamus.

_____ Stiglich _____, J.
Stiglich

We concur:

_____, J.
Parraguirre

_____, J.
Bell